**FINANCIAL SERVICES CORPORATION OF the MIDWEST, Plaintiff-Appellee-Appellant,**

**v.**

**Bernard F. WEINDRUCH, et al., Defendants-Appellants-Appellees.**

**Nos. 83–2984, 83–3076.**

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 21, 1985.

Decided June 10, 1985.

William A. Montgomery, P.C., Schiff, Hardin & Waite, Chicago, Ill., Herbert M. Spector, Spector, Tappa, Kopp & Nathan, Rock Island, Ill., for plaintiff-appellee-appellant.

A. Daniel Feldman, Isham, Lincoln & Beale, Chicago, Ill., Robert J. Noe, Bozeman, Neighbour, Patton & Noe, Moline, Ill., for defendants-appellants-appellees.

Before ESCHBACH, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

Financial Services Corporation has moved to dismiss the Weindruchs' appeal as untimely, and we have decided to dispose of the motion by published opinion because it raises a significant procedural issue relating to the time for appealing a preliminary-injunction order based on oral findings that are later supplemented with written ones.

The Weindruchs made a tender offer for the common stock of FSC, which responded by suing the Weindruchs in a federal district court in this circuit, and by moving for a preliminary injunction. At the conclusion of a hearing on the motion, on June 16, 1983, the judge issued oral findings of fact and conclusions of law in favor of FSC, the movant for the preliminary injunction. One week later, on June 23, the judge issued the preliminary injunction itself. And one week after that, on June 30, the district judge issued written findings of fact and conclusions of law.

█ The Weindruchs did not file their notice of appeal until November 7, 1983, which was, of course, much too late, unless they succeeded in arresting the running of the 30-day period for appealing in a private case by the motion for reconsideration that they filed on July 11. A Rule 59(e) motion to alter or amend judgment, if filed within 10 days of the judgment, tolls the 30-day appeal time; and a motion to reconsider is a motion to alter or amend within the meaning of Rule 59(a), *A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co.*, 705 F.2d 249 (7th Cir.1983) (per curiam). We may also assume without having to decide that the motion to reconsider which the Weindruchs filed on July 11 was within 10 days of June 30. However, that was not the date of the judgment; it was the date of the judge's supplemental findings of fact and conclusions of law. The Weindruchs filed too late; hence the filing did not toll the time for appeal, and their appeal must be dismissed as untimely.

█ Rule 59(e) requires that the motion to alter or amend be filed within 10 days of *the judgment,* and an order granting a preliminary injunction is a judgment within the meaning of the rule, see Rule 54(a). The preliminary injunction was granted by an order unmistakably so doing on June 23. It is true that no written findings of fact or conclusions of law were issued at that time, and that Rule 52(a) requires findings of fact and conclusions of law when a preliminary injunction is granted or refused. But Rule 52(a) expressly states that the findings of fact and conclusions of law may be oral, and the judge's order granting the preliminary injunction directed the Weindruchs to furnish FSC's shareholders a summary of his findings of fact and conclu-

sions of law *as made orally at the hearing on June 16*. Moreover, even if the judge had issued no findings and conclusions, that would not have delayed the entry of his order or deprived him of jurisdiction to enter it, see *Swanson & Youngdale, Inc. v. Seagrave*, 561 F.2d 171, 173 (8th Cir.1977); it would just have given the Weindruchs another ground to argue that we should reverse the order. If delay in issuing findings and conclusions postponed the entry of the order for purposes of appealability, the person against whom the preliminary injunction had been issued would not be able to appeal it as soon as it went into effect, contrary to the purpose of Congress in making such injunctions appealable immediately, see 28 U.S.C. § 1292(a)(1). So if the Weindruchs wanted to move under Rule 59(e) (that is, with the effect of tolling the time for appeal) for reconsideration of the judge's order, they had to do so within 10 days of June 23, the date of the order, and they did not move within that time.

The Weindruchs alternatively describe their motion as one made under Rule 52(b) to amend the district judge's findings. They argue that they could not file such a motion until after the entry of the judge's definitive findings on June 30, and that therefore they were entitled to have 10 days after that within which to file their motion. (Rule 52(b) motions, like Rule 59(e) motions, must be filed within 10 days.) There might be merit to this position if the Weindruchs' only complaint was about a finding that the judge added in his order of June 30. But the motion embraces findings that the judge had made orally on June 16 as a predicate for his order of June 23. Nothing in Rule 52(b) suggests that a party dissatisfied with an *oral* finding of fact or conclusion of law, promptly transcribed, has more than 10 days to file his motion to amend.

The final possibility is to construe the Weindruchs' appeal as one from the judge's order of June 30 entering supplemental findings of fact and conclusions of law. The premise would be that their motion of July 11 was (in part anyway) a motion to amend the district judge's written findings of June 30. But if as we have held the Weindruchs cannot appeal from the grant of the preliminary injunction itself, neither can they appeal from the findings. The Weindruchs have no interest in questioning the details of the judge's findings except in conjunction with a challenge to the underlying order granting the preliminary injunction. They want the preliminary injunction dissolved; they do not want just a more elegant set of findings supporting the injunction. But they cannot get that from us when they have not appealed (within the time allowed by law) from the order granting the preliminary injunction. We need not consider the situation that would be presented if a ground for appeal first appeared in a set of supplementary findings—if before then the losing party had had no hope of discovering a ground for getting the order against him overturned. That is not this case either.

APPEAL DISMISSED.