**Guiseppina Musacchia Luciano GIRARD, Plaintiff-Appellee,**

v.

**DREXEL BURNHAM LAMBERT, INC., et al., Defendants-Appellants.**

No. 86–2416
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1987.

---

Richard L. Josephson, Baker & Botts, Houston, Tex., for defendants-appellants.

Tom F. Coleman, Jr., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

PER CURIAM:

Noticing our want of appellate jurisdiction on our own motion, as we must, *see* *Williams v. Bolger*, 633 F.2d 410 (5th Cir. 1980), we dismiss the present appeal because the only notice of appeal reflected in the record is a nullity under Fed.R.App.P. 4(a)(4) as it was filed before the disposition of a timely filed Fed.R.Civ.P. 59(e) motion to alter or amend the order sought to be appealed from.

Plaintiff-appellee filed this suit against her broker and related parties, defendants-appellants, for alleged losses in connection with her options or securities account with defendant-appellant Drexel Burnham Lambert, Inc. ("Drexel"), asserting claims under the Securities Act of 1933 (the "1933 Act"), the Securities Exchange Act of 1934 (the "1934 Act"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and various state law claims (the claims under the 1933 Act were subsequently dismissed). Plaintiff-appellee having signed an agreement to arbitrate when she opened her account with defendant-appellant Drexel, defendants-appellants moved the district court for an order to compel plaintiff-appellee to arbitrate her claims and to stay the action pending arbitration.

The order from which defendants-appellants seek to appeal herein is the district court's "Order to Arbitrate and to Stay," signed and filed on May 7, 1986, 644 F.Supp. 52, and entered on the docket (docketed) on May 12, 1986, in which the district court ordered plaintiff-appellee to submit her claims under state law to arbitration and stayed proceedings in the suit on the nonarbitrable claims until completion of arbitration. On May 23, 1986, plaintiff-appellee filed her "Motion for Reconsideration of the Order to Arbitrate and to Stay," directed to the above-referenced order of the district court, in which motion plaintiff-appellee prayed that there be no stay of proceedings respecting her claims in the suit which were not ordered to be arbitrated, namely, her RICO and 1934 Act claims. This motion to reconsider has a signed, but undated, certificate reflecting service on counsel for defendants-appellants. Thereafter, on June 3, 1986, defendants-appellants filed their notice of appeal from so much of the district court's "Order to Arbitrate and to Stay" that denied defendants-appellants' motion to compel arbitration of plaintiff-appellee's 1934 Act claims.[1] This notice of appeal is the only

---

1. Defendants-appellants contend that this notice of appeal also serves to bring up their complaint that the district court's referenced order improperly denied their motion to compel arbitration of plaintiff-appellee's RICO claims; plain-

notice of appeal contained in the record. At the time defendants-appellants filed their notice of appeal, plaintiff-appellee's motion for reconsideration filed May 23 was still pending and undisposed of. Indeed, it appears that plaintiff-appellee's May 23 motion was not ruled on by the district court until July 8, 1986, when the court denied it.[2]

Under Fed.R.App.P. 4(a)(4), "[a] notice of appeal filed before the disposition of" a "timely filed motion ... to alter or amend the judgment" under Fed.R.Civ.P. 59(e) "shall have no effect." An appealable order, such as the district court's above-referenced "Order to Arbitrate and to Stay," is a "judgment" for purposes of Fed.R.Civ.P. 59(e). *See* Fed.R.Civ.P. 54(a); *Financial Services Corporation of the Midwest v. Weindruch,* 764 F.2d 197, 198 (7th Cir. 1985) ("an order granting a preliminary injunction is a judgment within the meaning of" Rule 59(e)); *United States v. Rogers Transportation, Inc.,* 751 F.2d 635 (3d Cir.1985); Wright, Miller & Kane, *Federal Practice & Procedure* § 2651 at 9 (1983); 6 *Moore's Federal Practice* ¶ 54.02 at 54–23 (1986). A Fed.R.Civ.P. 59(e) motion "shall be served not later than 10 days after entry of the judgment." For these purposes, "entry of the judgment" is when the judgment is entered on the docket, or docketed, in this case, May 12, 1986. Fed.R.Civ.P. 79(a); *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 746 F.2d 278, 282 (5th Cir.1984), *rehearing en banc ordered as to part III, rehearing otherwise denied,* 760 F.2d 86 (5th Cir.1985), *opinion en banc,* 784 F.2d 665 (5th Cir.1986). Under Fed.R. Civ.P. 6(a), in computing time, the day from which the period of time begins to run is not included, and the last day is included,

unless it is a Saturday, Sunday, or legal holiday, in which event the allowed time runs until the next day which is not such; and, under the rule as amended effective August 1, 1985, where an allowed period of time is less than eleven days, intermediate Saturdays, Sundays, and legal holidays are excluded in the computation of time. Accordingly, a motion under Fed.R.Civ.P. 59(e) directed to the district court's referenced "Order to Arbitrate and to Stay" would have been timely if served on or before May 27, 1986.[3] Hence, plaintiff-appellee's motion for reconsideration, which was served on or before May 23, 1986 (*see* Fed.R.Civ.P. 5(b)) was timely for purposes of Fed.R.Civ.P. 59(e). Since it was timely, that motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) for purposes of Fed.R.App.P. 4(a)(4)(iii). *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.1986). *See also Williams v. Bolger, supra.* Therefore, when the notice of appeal of defendants-appellants was filed, there was pending an undisposed of motion to alter or amend the judgment from which the appeal was sought to be taken, and the notice of appeal is thus a nullity under Fed.R.App.P. 4(a)(4). *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.1986); *Williams v. Bolger, supra.*

The appeal is dismissed for want of jurisdiction.

DISMISSED.

---

tiff-appellee disputes this; we do not reach that issue.

**2.** The docket sheet, just below the entry for plaintiff-appellee's May 23 motion for reconsideration, contains the notation "M/D Jun 16, 1986 by clerk." We do not know the meaning of this notation, although it is conceivable that "M/D" in this context may be an abbreviation for "motion denied." However, even if we were to treat the May 23 motion of plaintiff-appellee for reconsideration as having been denied on June 16, 1986 (when this entry might indicate

such action by the clerk), instead of on July 8, 1986 (when it appears the district court denied the motion), that would not in any way alter our conclusions herein, inasmuch as in any event plaintiff-appellee's motion would have remained undisposed of until a time after the filing of the notice of appeal.

**3.** The first day under the computation would be May 13, excluded as Saturdays, Sundays, or a legal holiday would be May 17, 18, 24, 25, and 26.