**Thomas Edison DERKS, Jr.,
Plaintiff–Appellant,**

v.

**Richard DUGGER, William M. Ellis,
Mr. Reed, Defendants–Appellees.**

No. 87–3613.

United States Court of Appeals,
Eleventh Circuit.

Dec. 18, 1987.

Thomas Edison Derks, Jr., pro se.

Robert A. Butterworth, Atty. Gen., Arthur C. Wallberg, Asst. Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before TJOFLAT, KRAVITCH and JOHNSON, Circuit Judges.

BY THE COURT:

Plaintiff–Appellant Thomas Edison Derks, Jr., filed his motion for a preliminary injunction pursuant to 42 U.S.C.A. § 1983 with the United States District Court for the Middle District of Florida. The plaintiff sought an injunction directing the state defendants that held him in custody to return plaintiff's legal materials and to make the Union Correctional Institution's law library available to him so that he could pursue his legal actions while he was in disciplinary confinement. The district court denied Derks' motion for a preliminary injunction on August 6, 1987. Derks then filed a request for reconsideration on August 11, 1987, and filed a "motion to vacate ... and/or notice of appeal" on August 18. On September 1, 1987, the district court entered an order denying Derks' request for reconsideration and his motion to vacate. The district court, however, stated that "plaintiff's notice of appeal ... is granted and plaintiff is entitled to appeal as a pauper." No subsequent notice of appeal was filed.

The state now takes the position that Derks' notice of appeal is ineffective because it was filed prior to the disposition of the request for reconsideration and motion to vacate. Nevertheless, the state concedes that the appeal should not necessarily be dismissed because Derks, as a pro se litigant, may have reasonably relied upon the district court's order granting his notice of appeal. Derks responds that he thought his motions and notice of appeal were each timely filed. He asserts that the district court misled him into believing that his notice of appeal was effective and, therefore, contends that because of unique circumstances his appeal should be permitted to proceed.

Derks' request for reconsideration may be treated as a motion to alter or amend the judgment pursuant to Fed.R. Civ.P. 59(e). *See Stallworth v. Shuler,* 758 F.2d 1409, 1410 (11th Cir.1985). A notice of appeal filed while a motion to reconsider an order denying a preliminary injunction is ineffective. Fed.R.App.P. 4(a)(4); *Myrick v. Board of Public Education,* 820

F.2d 1230 (11th Cir.1987). This Court in *Allison v. United States,* No. 86–7546, unpublished (11th Cir. Jan. 16, 1987), dismissed an appeal which arose under similar circumstances. In *Allison,* after final order was entered, the appellant timely served a motion to reconsider in which he requested the court to reconsider its order or to accept his notice of appeal. His motion and separate notice of appeal were filed on the same day. The district court denied the motion for reconsideration and granted IFP. This Court dismissed the appeal pursuant to Fed.R.App.P. 4(a)(4). In our opinion, this case, because of the unique circumstances, constitutes a very narrow exception that this Court adopted in *Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir.1984), where we held:

> the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

In this case the district court, in the same order which denied Derks' request for reconsideration and motion to vacate, "granted" his notice of appeal and permitted Derks to proceed on appeal in forma pauperis. Derks, as a pro se litigant, alleges that he reasonably relied upon the action of the district court and believed that no new notice of appeal was necessary. We hold that, under the unique circumstances presented in this case, Derks' "request for reconsideration", filed on August 13, 1987, or his "motion to vacate", filed on August 18, 1987, tolled the time for appealing from the denial of his request for a preliminary injunction. The appeal in this case should not be dismissed because the plaintiff was misled by the district court's September 1, 1987, order into believing that his premature notice of appeal was effective. *See generally Butler v. Coral Volkswagen, Inc.,* 804 F.2d 612 (11th Cir.1986); *Willis v. Newsome,* 747 F.2d 605 (11th Cir.1984),

*cert. denied,* 475 U.S. 1050, 106 S.Ct. 1273, 89 L.Ed.2d 581 (1986).

Accordingly, the motion to dismiss this appeal is DENIED.