**Jose R.E. MARTINEZ, Esquipula Baca, Tranquilino Manzanares and Hilario Aguilar, on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

**James Lannom, Julian Garcia, Lillie Hogue, Danny Carpenter and Nancy Cox, Plaintiffs–Appellees,**

v.

**Lewis SULLIVAN, M.D., individually, and as Secretary of the United States Department of Health and Human Services, and Blue Cross Association of New Mexico, Defendants–Appellants.**

No. 87–1947.

United States Court of Appeals,
Tenth Circuit.

May 12, 1989.

John S. Koppel, Attorney, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C. (Richard K. Willard, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., William L. Lutz, U.S. Atty., Albuquerque, N.M., and Anthony J. Steinmeyer, Attorney, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D.C., with him on the briefs), for defendants-appellants.

Peter Komlos–Hrobsky, Nat. Senior Citizens Law Center, Los Angeles, Cal. (Sally Hart Wilson, Nat. Sr. Citizens Law Center, Los Angeles, Cal., Roger A. Schwartz and Judith G. Waxman, Nat. Health Law Project, Washington, D.C., John Vail, New Mexico Legal Services Support Project, Albuquerque, N.M., and E.C. Gomez, Southern New Mexico Legal Services, Inc., Las Cruces, N.M., with him on the brief), for plaintiffs-appellees.

Before TACHA and SETH, Circuit Judges, and SAFFELS, District Judge *.

SETH, Circuit Judge.

The parties have been advised that this court was considering summary dismissal of this appeal for lack of appellate jurisdiction.

This case began in 1971 when the original plaintiffs sought an injunction requiring appellants to provide hearings to Medicare home health patients before cutting off their benefits. On remand from this court, the district court issued an order in 1973 enjoining appellants from terminating home health care benefits to the individual plaintiffs and "to all those Medicare beneficiaries similarly situated without first providing an evidentiary hearing on the merits of their terminations." Order of April 23, 1973, at 4.

In 1986, appellees initiated the present enforcement proceedings, asking the district court to require appellants to comply with the 1973 order or be held in contempt. In response, appellants argued that because of an intervening change in the law they should be relieved of any obligations under the 1973 injunction. On October 14, 1986, the district court found that appellants had failed to comply with the 1973 order and that no change of law requiring relief from the order had occurred. The court ordered appellants to submit a plan for implementing the 1973 order. 655 F.Supp. 95.

On May 1, 1987, after considering proposals from the parties, the district court issued an order setting forth a detailed implementation plan (hereinafter referred to as the Remedial Order). Appellees, citing Rule 59(e), filed a "Motion to Clarify, Alter or Amend" the Remedial Order on May 15, 1987. On June 25, 1987, appellants filed a notice of appeal with this court seeking review of the Remedial Order. Appellees' Rule 59(e) motion was still pending when this notice of appeal was filed.

On August 6, 1987, this court notified the parties that it was considering *sua sponte* dismissal of appellants' appeal for lack of jurisdiction. On September 16, 1987, the district court denied appellees' Rule 59(e) motion. Appellants notified this court of the denial by letter dated September 24, 1987 but did not file a new notice of appeal following the district court's resolution of appellees' motion. We now dismiss the present appeal because the only notice of appeal reflected in the record is a nullity under Fed.R.App.P. 4(a)(4) since it was filed before the disposition of a timely motion brought under Fed.R.Civ.P. 59(e).

Appellants argue first that Fed.R.App.P. 4(a)(4) does not apply to the district court's Remedial Order. They argue that the Remedial Order is properly characterized as an interlocutory order appealable under 28 U.S.C. § 1292(a)(1) and that the mandates of Fed.R.App.P. 4(a)(4) apply only to final district court decisions appealable under 28 U.S.C. § 1291. We disagree with this characterization of the order. The Remedial

---

* Honorable Dale E. Saffels, United States District Judge for the District of Kansas, sitting by designation.

Order granted appellees the relief they requested and did not contemplate any further action by the court. It was an end in itself, a point acknowledged by appellants in their brief. Appellants' Reply Brief at 4 ("[s]pecific, final relief was imposed by the district court's ... Remedial Order"). The Remedial Order is thus properly characterized as a "final decision" of the district court, appealable under 28 U.S.C. § 1291. *Virginia v. Tenneco, Inc.*, 538 F.2d 1026, 1030 (4th Cir.1976).

In any event, under Fed.R.Civ.P. 54(a), "any order from which an appeal lies" qualifies as a "judgment" as that term is used in Fed.R.Civ.P. 59(e). *Girard v. Drexel Burnham Lambert, Inc.*, 807 F.2d 490, 492 (5th Cir.1987); *see also Derks v. Dugger*, 835 F.2d 778, 779 (11th Cir.1987) (motion to reconsider an order denying a preliminary injunction is properly characterized as motion brought under Rule 59(e)); *Financial Services Corp. of the Midwest v. Weindruch*, 764 F.2d 197, 198 (7th Cir.1985) (order granting a preliminary injunction is a judgment within the meaning of Rule 59(e)). Thus, even if the Remedial Order is classified as an interlocutory order appealable under 28 U.S.C. § 1292(a)(1), appellants were still required to comply with Fed.R.App.P. 4(a)(4) if they wished to appeal the order.

We must next determine whether appellees' motion is properly characterized as falling under Rule 59(e). The Supreme Court has held that Fed.R.App.P. 4(a)(4) applies to nullify a notice of appeal brought during the pendency of *any* motion deemed to have been made under Rule 59(e). *Osterneck v. Ernst & Whinney*, —— U.S. ——, ——, 109 S.Ct. 987, 990–93, 103 L.Ed. 2d 146 (1989). "[T]he decision whether a particular pending motion falls under Rule 59(e) will of necessity determine whether an otherwise final judgment is appealable." *Id.*

A motion will be considered to fall under Fed.R.Civ.P. 59(e), and thus trigger the requirements of Fed.R.App.P. 4(a)(4), when it involves "reconsideration of matters properly encompassed in a decision on the merits." *Id.* at ——, 109 S.Ct. at 990 (quoting

*White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)). Only when a motion "raises issues wholly collateral to the judgment in the main cause of action" will it fall outside the ambit of Rule 59(e). *Id.* (quoting *Buchanan v. Stanships, Inc.*, 485 U.S. 265, ——, 108 S.Ct. 1130, 1132, 99 L.Ed.2d 289 (1988)).

In the same vein, this court "has consistently held that ... a motion questioning the correctness of a judgment ... will be treated under Rule 59(e)." *Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir.1988). This is true even when the change sought by the movant is "not major," so long as the "substantive" correctness of the judgment is challenged. *Id.* at 704. Further, "post-judgment motions filed within ten days of the final judgment should, where possible, be construed as Rule 59(e) motions to 'avoid otherwise endless hassles over proper characterization.'" *Id.* at 703–04 (quoting *Western Indus., Inc. v. Newcor Canada, Ltd.*, 709 F.2d 16, 17 (7th Cir.1983)).

Our review of the district court's Remedial Order and the appellees' motion reveals that, under the standard outlined above, the motion must be considered to fall under Rule 59(e). Under paragraph 5(e) of the Remedial Order, Medicare intermediaries are barred from recovering any payments made during the pendency of a termination appeal from a home health care agency possessing a favorable waiver presumption under applicable Medicare regulations. Under the amendment proposed by appellees in their motion, intermediaries would be barred from recovering any payments made during the pendency of a termination appeal from *any* home health care agency, regardless of whether an agency qualified for a favorable waiver presumption.

The motion thus raised an issue that had important substantive ramifications for the implementation of the Remedial Order. The appellants argued before the district court that "the proposed amendment would deprive the remedial order of any meaning and distort the legislative scheme upon

which the Medicare program is based." Had the district court approved the proposed amendment, appellants most certainly would have raised the issue in this appeal. Thus, the motion most certainly involved "reconsideration of matters properly encompassed in [the] decision on the merits," and is properly characterized as falling under Rule 59(e). Because appellants' June 25, 1987 notice of appeal was filed while this motion was still before the trial court, it must be considered a nullity.

Because the June 25, 1987 notice of appeal is a nullity, and because appellants failed to file a separate notice of appeal after the district court denied appellees' Rule 59(e) motion, this appeal must be dismissed for lack of appellate jurisdiction. Appellants' September 24, 1987 letter to this court, notifying the court of the district court's denial of appellees' Rule 59(e) motion, cannot be construed as a notice of appeal. The letter followed this court's August 6, 1987 letter notifying the parties that we were considering dismissal of appellants' appeal for lack of jurisdiction. When appellants sent their letter to this court, they obviously believed they had effectively appealed from the Remedial Order and did not intend the letter to serve as a notice of appeal. *See Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563, 569 (10th Cir.1979). Nor have appellants presented any "unique circumstances" excusing their failure to timely appeal the Remedial Order. *See Thompson v. I.N.S.,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964).

For the above reasons, the appeal is DISMISSED.