Sue C. WAGONER,
Plaintiff–Counter–Defendant–Appellant,

v.

Robert J. WAGONER,
Defendant–Counter–Claimant–Appellee.

No. 90–2168.

United States Court of Appeals,
Tenth Circuit.

July 11, 1991.

Robert C. Floyd, Deming, N.M., for plaintiff-counter-defendant-appellant.

Luis G. Stelzner and Judith D. Schrandt, Sheehan, Sheehan & Stelzner, Albuquerque, N.M., for defendant-counter-claimant-appellee.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order dismissing her complaint with prejudice. For reasons explained below, we conclude that we lack jurisdiction and therefore must dismiss this appeal. *See McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 953–54 (10th Cir.1989) (court of appeals has independent duty to inquire into its own jurisdiction, even though parties do not raise the issue, and has no choice but to dismiss appeal where jurisdiction is lacking); *see also, Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988) (court of appeals lacks discretion to consider merits of appeal over which it is without jurisdiction).

Plaintiff commenced this action to recover damages incurred as a result of various actions taken by defendant while he served as plaintiff's attorney-in-fact and as the personal representative of the estate left by plaintiff's deceased husband. The complaint consists of three counts, for breach of fiduciary duty, fraud, and conversion, all premised on the same allegations that defendant (1) deprived plaintiff of her share in decedent's retirement fund disbursement, (2) failed to preserve property entrusted to his care upon plaintiff's incarceration, (3) overpaid plaintiff's taxes, to the benefit of the estate, and (4) took and concealed other actions detrimental to plaintiff to be proven at trial. Defendant answered the complaint and asserted a counterclaim for breach of contract by plaintiff.

On December 28, 1989, the district court issued an order in which, among other things, it granted defendant's motion for partial summary judgment on the particu-

lar issue of retirement fund benefits. The district court ruled that recovery on this component of plaintiff's claims was barred by the applicable statute of limitations. On January 17, 1990, plaintiff moved for reconsideration of this ruling, and thereafter the parties filed various motions dealing with other matters in the case as well.

■ On July 11, 1990, the district court entered an order finally disposing of all of plaintiff's claims in their entirety. Specifically, the district court reaffirmed its earlier ruling regarding retirement funds by denying plaintiff's interlocutory motion for reconsideration,[1] and, based on plaintiff's stipulated dismissal of all remaining claims, dismissed plaintiff's complaint with prejudice. Plaintiff filed a notice of appeal from the July 11 order on August 9, 1990, and on September 5, 1990, the district court certified the order as final under Fed.R.Civ.P. 54(b) and entered judgment thereon.

■ We have held that the savings provision of Fed.R.App.P. 4(a)(2), which gives effect to a notice of appeal filed after announcement of a decision but before entry of judgment thereon, applies in the circumstances presented here and permits the prematurely filed notice of appeal to remain on the bough and ripen when judgment is certified and entered pursuant to Rule 54(b). *See Lewis v. B.F. Goodrich Co.,* 850 F.2d 641, 645 (10th Cir.1988). However, operation of Rule 4(a)(2) is expressly qualified by the phrase, "[e]xcept as provided in (a)(4) of this Rule 4," which gives due effect, in turn, to the tolling provision of Rule 4(a)(4). Pursuant to the latter, "[a] notice of appeal filed before the disposition of any of the above motions [under Fed.R. Civ.P. 50(b), 52(b) and 59(a) and (e) ] *shall have no effect.* A *new* notice of appeal *must be filed* within the prescribed time measured from the entry of the order disposing of the motion ..." (Emphasis added.) A notice of appeal that is filed during the pendency of one of the tolling motions listed in Rule 4(a)(4) is a nullity, and the resultant defective appeal cannot be saved by a ripening principle of the sort recognized in *Lewis. See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (invalidating Third Circuit's rule waiving defect in notice of appeal filed while Rule 59 motion pending). Thus, since *Lewis* was decided, we have continued to dismiss appeals commenced while tolling motions were pending in the district court. *See, e.g., In re Wilkinson,* 923 F.2d 154, 156 (10th Cir.1991); *Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.,* 879 F.2d 809, 810 n. 1 (10th Cir.1989); *Martinez v. Sullivan,* 874 F.2d 751, 753–54 (10th Cir.1989).

■ These considerations are implicated here because prior to commencing this appeal, plaintiff filed a timely motion for reconsideration of the district court's July 11 order,[2] which was denied on the same day the district court granted Rule 54(b)

---

1. The district court's partial summary judgment of December 28, 1989, was obviously not a final judgment. Moreover, because it did not completely dispose of a single one of the claims asserted by plaintiff, the order could not be, and was not, certified as final under Fed.R.Civ.P. 54(b). *See* 6 J. Moore and W. Taggart, Moore's Federal Practice, par. 54.30[1], at 54–162 (2d ed. 1990) (order that disposes of only a part of one or several claims cannot be converted into a final judgment by Rule 54(b) certification); *e.g., Wheeler Mach. Co. v. Mountain States Mineral Enters., Inc.,* 696 F.2d 787, 789 (10th Cir.1983); *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir.1978). Thus, plaintiff's January 17, 1990, motion for reconsideration was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, *see Riggs v. Scrivner, Inc.,* 927

F.2d 1146, 1148 (10th Cir.1991); *Paramount Pictures Corp. v. Thompson Theatres, Inc.,* 621 F.2d 1088, 1090 (10th Cir.1980), and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed.R.Civ.P. 59(e), *see Riggs,* 927 F.2d at 1148; *Anderson v. Deere & Co.,* 852 F.2d 1244, 1246 (10th Cir.1988).

2. This motion for reconsideration was served by mail on opposing counsel on July 23, 1990, on the eighth nonexcludable day following the district court's order. *See* Fed.R.Civ.P. 6(a) and 59(b). Indeed, under the reasoning of the *Hilst* case, discussed infra above, the motion would have been timely if served up until ten days *following* the entry of judgment on September 5, 1990.

certification. That motion, which questioned the correctness of the district court's statute of limitations analysis, is properly deemed filed pursuant to Rule 59(e). *See Martinez*, 874 F.2d at 753; *Skagerberg v. Oklahoma*, 797 F.2d 881, 883 (10th Cir. 1986). The fact that the motion, like plaintiff's notice of appeal, was filed after the district court announced the action it would take but before formal entry of a final judgment embodying that action does not alter its status under Rule 59(e). *See Hilst v. Bowen*, 874 F.2d 725, 726 (10th Cir.1989). Since *any* motion deemed made under Rule 59(e) triggers the tolling provision of Rule 4(a)(4), *see Martinez*, 874 F.2d at 753, the time for appeal in this case did not commence until September 5, 1990, and plaintiff's notice of appeal filed in the interim was a nullity.[3] The ripening principle established in *Lewis* is of no consequence here, because under the applicable rules, "it is as if no notice of appeal were filed at all," *Griggs*, 459 U.S. at 61, 103 S.Ct. at 403, and, thus, there was nothing to ripen when the Rule 54(b) certification was entered.

As already noted, following the denial of a Rule 59(e) motion, a new notice of appeal "must be filed" to create appellate jurisdiction. *Id.* (quoting Rule 4(a)(4)). In the absence of such a notice, this appeal must be dismissed. *Id.; see e.g., Martinez*, 874 F.2d at 754.

This appeal is DISMISSED, and all pending motions are DENIED as moot.

---

3. In light of what we have already said regarding the interlocutory character and nontolling effect of plaintiff's motion for reconsideration of the district court's order of December 29, *see* supra n. 1, that prior motion did nothing to alter the tolling consequences of plaintiff's second motion for reconsideration, properly considered pursuant to Rule 59(e), as discussed above. *Cf. Mullen v. Household Bank–Federal Sav. Bank*, 867 F.2d 586, 587 n. 1 (10th Cir.1989) ("A 'motion to reconsider an order disposing of a motion *that tolled the running of the time for appeal* typically does not *again* toll the running of the appeal period,'" quoting *Venable v. Haislip*, 721 F.2d 297, 299 (10th Cir.1983) (emphasis added)).