945 F.2d 411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerianne Marie BALL, Plaintiff-Appellant,
v.
PEOPLE OF THE STATE OF COLORADO, Defendant-Appellee.
 No. 91-1301.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 3, 1991.
 
 Before LOGAN, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 By our order of September 6, 1991, we directed plaintiff to show cause why this appeal should not be dismissed for lack of jurisdiction. Plaintiff has responded, and the case is at issue.
 
 
 3
 The district court dismissed plaintiff's action, filed pursuant to 42 U.S.C. § 1983, by an order entered on that court's docket on June 27, 1991. On July 17 plaintiff filed a motion styled "Motion for Rehearing Pursuant to Rule 40.1; 40.2 and 40.3 in Response to Order Issued by the District Court of Colorado."
 
 
 4
 The referenced rule is neither a Federal Rule of Civil or Appellate Procedure, nor the district court's local rule, but is a local rule of this court. Further, the rule governs petitions for rehearing only from judgments entered by this court. Contrary to plaintiff's suggestion in her response, our rule is not applicable to requests for rehearing made to the district court.
 
 
 5
 A post-judgment motion will be considered a Fed.R.Civ.P. 59(e) motion where it involves " 'reconsideration of matters properly encompassed in a decision on the merits.' " Osterneck v. Ernst & Whinney 489 U.S. 169, 174 (1989), quoting White v. New Hampshire, 455 U.S. 445, 451 (1982). See also Martinez v. Sullivan, 874 F.2d 751, 753 (10th Cir.1989). Only issues wholly collateral to the judgment in the main cause of action fall outside the requirements of Rule 59(e). See Buchanan v. Stanships, Inc., 485 U.S. 265, 268-69 (1988).
 
 
 6
 Plaintiff's motion, seeking reconsideration of the merits of her claims, is clearly covered by Rule 59(e). Rule 59(e) motions must be made within the times prescribed by Rules 59(b) and 6(a). In other words, such a motion must be made within ten days of the entry of judgment, not counting Saturdays, Sundays, and holidays. Only a timely Rule 59(e) motion will toll the running of the appeal period, Fed.R.App.P. 4(a). Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264-65 (1978).
 
 
 7
 Because the motion for rehearing was untimely, the appeal period expired on July 29. The notice of appeal filed August 19 was therefore untimely. Consequently, this court is without jurisdiction over the appeal.
 
 
 8
 Accordingly, the appeal is dismissed. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3