947 F.2d 955
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
$24,620.00 IN UNITED STATES CURRENCY, Defendant-Appellant.
and
Richard Reisig, Claimant-Appellant.
 No. 91-2089.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant-appellant Richard Reisig appeals a district court judgment forfeiting defendant, $24,620, to plaintiff. On appeal, Reisig contends that the district court committed reversible error by admitting hearsay evidence to allow the Government to establish its burden of proof. Reisig also asserts that, notwithstanding the hearsay issue, the Government failed to show that a substantial connection existed between the forfeited money and an illegal exchange of controlled substance. The government contends that we are without jurisdiction to entertain Reisig's appeal. We agree.
 
 
 3
 On September 4, 1990, the district court entered its written final judgment. Reisig filed a motion to alter or amend judgment on September 13, 1990. On October 26, 1990, Reisig filed a "contingent notice of appeal." The district court denied Reisig's motion to amend judgment on November 5, 1990. Reisig filed a "confirmation of notice of appeal" on December 13, 1990.
 
 
 4
 On April 17, 1991, we dismissed Reisig's "contingent notice of appeal" because it was filed while a motion for reconsideration was pending in the district court. Fed.R.App.P. 4(a)(4) clearly and explicitly provides that a notice of appeal is not valid if a reconsideration motion is pending in the district court. See Martinez v. Sullivan, 874 F.2d 751 (10th Cir.1989).
 
 
 5
 We must now address whether the "confirmation of notice of appeal" constitutes a valid notice of appeal. We hold that it does not. Fed.R.App.P. 3 provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." However, Rule 3 also requires that the notice of appeal specify the party taking the appeal, designate the judgment or order appealed from, and name the court to which the appeal is taken. Reisig's document fails to adhere to any of these requirements. Instead, his document merely states that the earlier notice of appeal is confirmed--a notice that we have already dismissed as a nullity. Because Reisig's document does not contain any of the statements that a notice of appeal must contain, we conclude that it simply is not a notice of appeal.
 
 
 6
 Finally, we note that claimant's counsel would be well advised to review Fed.R.App.P. 4(a)(4) and this court's precedent regarding the appropriate time and manner for filing a notice of appeal.
 
 
 7
 The appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3