16 F.3d 417
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Lee SACK, Plaintiff-Appellant,
v.
ST. FRANCIS HOSPITAL; Benjamin G. Benner; Karl N.
Detwiler; Harold Dunlap; Chrys W. Corcoran;
John C. Sacra; Unknown Security Guard;
and Unknown Medical person,
Defendants-Appellees.
David SACK, Plaintiff-Appellant,
v.
Jim LOWDER; James Hiesley; Oklahoma Highway Patrol;
Wagoner County, also known as Wagoner County, Oklahoma;
Elmer Shepherd, Sheriff of Wagoner County, Oklahoma also
known as Elmer Shepard; Tommy Taylor; Unnamed Unknown
Oklahoma Highway Patrolman; and Unknown Officer,
Defendants-Appellees.
 Nos. 93-5096, 93-7031, 93-7051.
 United States Court of Appeals, Tenth Circuit.
 Jan. 25, 1994.
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 This consolidated appeal stems from three civil rights actions filed by appellant David Lee Sack. In Nos. 93-7051 and 93-5096, Sack appeals the denial of motions for reconsideration, filed pursuant to Fed.R.Civ.P. 60(b). In No. 93-7031, he appeals the sua sponte dismissal of his complaint. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 4
 Sack was involved in an automobile accident in 1990 that was fatal to one occupant of another vehicle. Following the accident, while Sack was treated for injuries at St. Francis Hospital, his blood was withdrawn for a blood-alcohol test. Sack pleaded guilty to second degree murder and is now incarcerated.
 
 
 5
 Complaining of these events, particularly the blood-alcohol test, Sack filed three civil rights actions. First, Sack sued several Oklahoma Highway Patrol officers, and the sheriff and county of Wagoner County, Oklahoma. In two orders, the district court dismissed the suit. Sack v. Lowder, No. CIV-90-554 (E.D. Okla. June 10, 1991); Sack v. Lowder, No. CIV-90-554 (E.D. Okla. Sept. 17, 1991). This court affirmed. Sack v. Lowder, Nos. 91-7082, 91-7111 (10th Cir. Jan. 6, 1992). Sack filed a second suit, this time against St. Francis hospital and various hospital employees. The district court dismissed the second suit because the issues had already been litigated in Sack v. Lowder, Sack's first suit. Sack v. St. Francis Hosp., No. 91-C-79-E (N.D. Okla. May 27, 1992). This court affirmed. Sack v. St. Francis Hosp., No. 92-5106 (10th Cir. Mar. 1), cert. denied, 114 S.Ct. 152 (1993). Sack filed a third civil rights action, again naming the hospital and its employees. The district court dismissed the suit sua sponte, noting that res judicata and collateral estoppel, among other obstacles, barred the suit. Sack v. St. Francis Hosp., No. 92-444-NJ (E.D. Okla. Feb. 9, 1993).
 
 
 6
 Armed with a new argument, Sack returned to the first two law suits and filed simultaneous motions for reconsideration pursuant to Fed.R.Civ.P. 60(b). In the motions Sack challenged the finality of his first lawsuit, Sack v. Lowder. He claimed that his motion for rehearing in that case, filed June 17, 1991, was a timely Rule 59(e) motion which had never been ruled on by the district court. See Fed.R.Civ.P. 59(e). Sack argued that as a Rule 59(e) motion, the outstanding June 17 motion nullified subsequent notices of appeal. Therefore, Sack claimed, this court's decision in Sack v. Lowder, Nos. 91-7082, 91-7111 (10th Cir. Jan. 6, 1992), is void for lack of appellate jurisdiction. Finally, Sack argued that because his first suit was not final, it should not have a preclusive effect on his second suit, Sack v. St. Francis Hosp.[2] Both Rule 60(b) motions for reconsideration were denied, Sack v. Lowder, No. CIV-90-554-S (E.D. Okla. Apr. 26, 1993), Sack v. St. Francis Hosp., No. 91-C-79-E (N.D. Okla. Mar. 30, 1993), and Sack now appeals.
 
 
 7
 We review the denial of a Rule 60(b) motion for an abuse of discretion. Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1145 (10th Cir.1990). Sack's arguments in support of his 60(b) motions hinge on the effect of the June 17 motion he filed in Sack v. Lowder. In that case, Sack sued two groups of defendants: highway patrol officers, and the sheriff and county. On June 10, 1991, the district court dismissed the highway patrol officers, finding them qualifiedly immune from Sack's suit. Sack's June 17 motion asked the district court to reconsider its order dismissing the officers. Sack's claims against the sheriff and county remained unadjudicated until September 17, 1991, when the district court dismissed them as meritless.
 
 
 8
 We conclude that Sack's June 17 motion was not a Rule 59(e) motion because it merely asked the district court to reconsider a nonappealable interlocutory order. See Clemens v. Kansas, 951 F.2d 287, 288 (10th Cir.1991)(order granting immunity is not a collateral order immediately appealable under 28 U.S.C. 1291). The June 17 motion "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations" of Rule 59(e). Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991)(citations omitted); see also Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988)(judgment dismissing some, but not all, defendants is not final for purposes of Rule 59(e)). We hold that the district court did not abuse its discretion in denying Sack's motions for reconsideration.
 
 
 9
 Sack also appeals the dismissal of his third civil rights action. Sack's in forma pauperis complaint alleges that Saint Francis Hospital and its employees violated Sack's constitutional rights during Sack's hospital stay immediately after his accident. Specifically, Sack complains that hospital employees seized his blood and diet pill, disclosed confidential records to the police, and provided inadequate medical care. The district court dismissed the complaint sua sponte, noting a number of obstacles including venue, the statute of limitations, collateral estoppel, res judicata, and Fed.R.Civ.P. 4(j). Sack v. St. Francis Hosp., No. 92-444-NJ (E.D. Okla. Feb. 9, 1993).
 
 
 10
 Sack argues that the district court should not have dismissed the complaint before defendants had been served. It is well settled that 28 U.S.C.1915(d) allows the district court to summarily dismiss a frivolous or malicious in forma pauperis complaint. See Denton v. Hernandez, 112 S.Ct. 1728, 1733 (1992); Henriksen v. Bentley, 644 F.2d 852, 853-54 (10th Cir.1981). Exercising broad discretion afforded by 1915(d), the court may take judicial notice of a litigant's previous civil rights actions. Boag v. MacDougall, 454 U.S. 364, 365 n. 1 (1982). Furthermore, this court has recognized that the district court's sua sponte dismissal under 1915(d) may be based upon affirmative defenses that defendants could assert when those defenses are obvious from the face of the complaint. Yellen v. Cooper, 828 F.2d 1471, 1476 (10th Cir.1987).
 
 
 11
 Sack stated in his complaint that he raised his claims in a previous lawsuit filed in the Northern District of Oklahoma, but that suit was barred based on the preclusive effect of his first lawsuit, Sack v. Lowder. He explained that filing a new action against St. Francis Hospital and its employees was a "precautionary measure." He adds on appeal that his lawsuit would be moot if this court would reopen his previous lawsuit against St. Francis Hospital.
 
 
 12
 The doctrine of res judicata prohibits relitigation of claims that have been, or could have been, litigated in a prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980). "A claim is barred by res judicata if three elements exist: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies." Satsky v. Paramount Communications, Inc., 7 F.3d 1464, 1467 (10th Cir.1993)(citing Allen, 449 U.S. at 94).
 
 
 13
 Sack's previous lawsuit, Sack v. St. Francis Hospital, No. 91-C-79-E (N.D. Okla. May 27, 1992), was dismissed on the merits. That suit involved essentially the same allegations about the same underlying set of events. Therefore, the claims in the two suits are identical. The present suit names all defendants from the prior suit, plus three additional defendants who were not specifically named in the prior suit. We hold that res judicata protects all defendants in the present suit who were parties to the prior suit. See Wilson v. Lynaugh, 878 F.2d 846, 851 (5th Cir.) (affirming district court's 1915(d) dismissal of duplicative claims that had been litigated in previous suit), cert. denied, 493 U.S. 969 (1989).
 
 
 14
 We cannot determine from the record on appeal whether the three additional defendants, C. Lyposhi, D. Reagle, and J.D. Keenan, were parties to, or are privies to parties of, the previous lawsuit. Summary dismissal of the complaint was, nonetheless, appropriate as to these three defendants because the complaint fails to allege conduct on behalf of these defendants that constitutes action under color of state law. As to these three defendants, Sack's theory of liability is indisputably meritless. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). Finding no abuse of discretion by the district court, we affirm the dismissal of Sack's third civil rights complaint.
 
 
 15
 This court has now entertained appeals from the denial of three civil rights actions arising from the same set of operative facts, as well as three additional appeals challenging the denial of Rule 60(b) motions for reconsideration in those cases. Sack has routinely filed in banc petitions for rehearing from the denial of his appeals. Persistently attempting to relitigate issues and claims that have been decided against him, Sack has presented duplicitous arguments to this court in his numerous briefs, motions, and petitions for rehearing. "The goal of fairly dispensing justice ... is compromised when the [c]ourt is forced to devote its limited resources to the processing of repetitious and frivolous requests." In re Sindram, 111 S.Ct. 596, 597 (1991). We caution Sack that future in forma pauperis filings may be dismissed summarily if they contain repetitious and frivolous arguments regarding civil rights claims arising from the underlying set of events that has been the subject of his previous appeals. See In re McDonald, 489 U.S. 180, 184 (1989)(restricting an abusive litigant's in forma pauperis filings).
 
 
 16
 The judgment of the United States District Court for the Northern District of Oklahoma, appeal No. 93-5096, is AFFIRMED and the petition for hearing in banc is DENIED. The judgment of the United States District Court for the Eastern District of Oklahoma, appeal No. 93-7031, is AFFIRMED. In appeal No. 93-7051, the judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED, the petition for hearing in banc is DENIED, and the motions to strike appellee's brief and to discipline attorneys are DENIED.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 We note that Sack has raised these, or similar, arguments in previous in banc petitions for rehearing in Sack v. Wagoner County, Nos. 92-7085, 92-7091 (10th Cir. June 22), reh'g denied, (July 16), cert. denied, 114 S.Ct. 477 (1993), and Sack v. St. Francis Hosp., No. 92-5106 (10th Cir. Mar. 1), reh'g denied, (Apr. 2), cert. denied, 114 S.Ct. 152 (1993)