**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 2, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

MARY CAROL JENKINS;
ANGEL KANE,

     Plaintiffs - Appellants,

v.

SEAN D. REYES, Utah Attorney
General,

     Defendant - Appellee,

and

DEB HAALAND, Secretary of the
U.S. Department of the Interior;
UTE TRIBAL COUNCIL
MEMBERS,

     Defendants.

No. 21-4148
(D.C. No. 2:21-CV-00385-RJS-DAO)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal grew out of a struggle for control over a region that the plaintiffs refer to as "the Uinta Valley Reserve." The plaintiffs contend that the Uinta Band of Utah Indians is not subject to state or federal jurisdiction for actions arising within the Uinta Valley Reserve. Asserting the sovereignty of the Uinta Band of Utah Indians, the plaintiffs sued the Attorney General of Utah, the U.S. Secretary of the Interior, and members of the Ute Tribal Council.

The plaintiffs requested a temporary restraining order and preliminary injunction. The district court denied both requests, and the plaintiffs moved for reconsideration. The district court denied that motion, and the plaintiffs appealed. Afterward, the district court dismissed the claims against the Utah Attorney General and the U.S. Secretary of the Interior.[1] (The plaintiffs have not filed a proof of service on members of the Ute Tribal Council.)

1.    **Scope of the Appeal**

The threshold task is to define the scope of the appeal. In our view, the appeal covers only the denial of the motion for reconsideration. The plaintiffs' notice of appeal refers only to the denial of reconsideration, and we'd lack jurisdiction anyway for prior or later rulings.

---

[1]    The court dismissed the claims against the U.S. Secretary of the Interior after the parties had fully briefed this appeal.

Granted, the plaintiffs appear to complain about the denial of a temporary restraining order and preliminary injunction, which had preceded the denial of reconsideration. But the plaintiffs had only 60 days to appeal the denial of a temporary restraining order or preliminary injunction. *See* Fed. R. App. P. 4(a)(1)(B)(iii) (stating that the appeal deadline is 60 days when a federal officer is sued in an official capacity). This deadline expired on November 22, 2021, and the plaintiffs filed their notice of appeal seventeen days later.

The plaintiffs moved for reconsideration, invoking Fed. R. Civ. P. 59(e) and 60(b). Motions under those rules would ordinarily toll the appeal period. Fed. R. App. P. 4(a)(4)(A). But Rule 59(e) and Rule 60(b) don't apply because

- those rules cover only post-judgment motions and

- the district court hasn't entered a judgment.

The district court thus treated the motion as one under Rule 54(b), and the plaintiffs do not question that treatment. But motions under Fed. R. Civ. P. 54(b) do not toll the deadline to appeal. *See* Fed. R. App. P. 4(a)(4)(A); *see also Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) (stating that a motion for reconsideration, which consisted of an interlocutory motion to revise an interlocutory ruling prior to the final judgment, did not trigger the tolling provisions applicable to motions under Rule 59(e)). So the appeal is late as to the denial of a temporary

restraining order and preliminary injunction. We'd thus lack jurisdiction for an appeal from the denial of a temporary restraining order or preliminary injunction. *See Grosvenor v. Qwest Corp.*, 733 F.3d 990, 996– 97 (10th Cir. 2013) (stating that the timely filing of a notice of appeal is jurisdictional).

Nor could the appeal cover the dismissal of the Utah Attorney General or U.S. Secretary of Interior. The plaintiffs had filed this appeal before the district court dismissed the claims against the Utah Attorney General and U.S. Secretary of the Interior. And a notice of appeal does not encompass subsequent orders. *See B. Willis, C.P.A., Inc. v. BNSF Ry.*, 531 F.3d 1282, 1296 (10th Cir. 2008).

We thus confine our consideration to the denial of reconsideration.

2.      **Consideration of the Motion for Reconsideration**

In moving for reconsideration, the plaintiffs requested a temporary restraining order and a hearing on the motion for a preliminary injunction. So the plaintiffs urged the district court to grant the prior request for a temporary restraining order. But a temporary restraining order is not ordinarily appealable. *Caddo Nation of Okla. v. Wichita & Affiliated Tribes*, 877 F.3d 1171, 1173 n.1 (10th Cir. 2017).

An exception exists, allowing appellate consideration of a temporary restraining order when it has the practical effect of denying an injunction, bears irreparable consequences, and cannot later be challenged. *United*

4

*States v. Colorado*, 937 F.2d 505, 507–08 (10th Cir. 1991). But the plaintiffs have not urged irreparable consequences or denied their ability to appeal after the district court enters a final judgment. Because the exception does not apply, the plaintiffs cannot appeal the denial of their motion for reconsideration.[2]

### 3.    Request for Reassignment

The plaintiffs urge us not only to remand the case but also to reassign the case to another district judge. Because we aren't remanding, we have no reason to reassign the case to another district judge.[3]

\*\*\*

---

[2]    This appeal would also be moot as to the Utah Attorney General or the U.S. Secretary of the Interior. If the district court were to reconsider and grant a temporary restraining order against the Utah Attorney General or U.S. Secretary of the Interior, the order would have expired upon their dismissals. *See United States ex rel. Bergen v. Lawrence*, 848 F.2d 1502, 1512 (10th Cir. 1988) (concluding that an appeal from a preliminary injunction becomes moot upon the entry of a final judgment).

[3]    In moving for reconsideration, the plaintiffs asked the district judge to recuse. He declined to do so. Until the entry of a final judgment, the plaintiffs cannot appeal the denial of a motion to recuse. *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (per curiam).

We could conceivably interpret the plaintiffs' opening brief as a petition for mandamus. But the plaintiffs have pointed only to their disagreement with the rulings, and that disagreement does not require recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

We dismiss the appeal because we lack jurisdiction to consider the denial of the plaintiffs' motions for a temporary restraining order, preliminary injunction, and reconsideration.

Entered for the Court


Robert E. Bacharach
Circuit Judge