61 F.3d 916
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Murray RICHMOND, in his capacity as Trustee of Certain
Trusts, Petitioner,
v.
Honorable Sam A. CROW, District Judge, Respondent.
Ron TODD, Commissioner of Insurance, Insurance Department of
Kansas, as Liquidator for National Colonial
Insurance Company, Plaintiff-Appellee,
v.
Murray RICHMOND, in his capacity as Trustee of certain
Trusts, Defendant-Appellant.
 Nos. 95-615, 95-3103.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before ANDERSON, TACHA, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Pending before this court are three interrelated proceedings initiated by petitioner-appellant, the defendant in a civil action removed to federal court in January 1994. After the district court ordered the action remanded back to state court, defendant commenced an appeal (No. 95-3103), which is under consideration for dismissal on jurisdictional grounds, filed a petition for writ of mandamus (No. 95-615), which is now at issue, and moved for a stay of the remand order pending our review. This court consolidated these matters and ordered a temporary stay, until June 13, 1995, to permit adequate consideration thereof. For the reasons that follow, we dismiss the appeal as untimely, hold mandamus relief inappropriate, and, consequently, deny the stay.
 
 
 2
 Some procedural background is essential to our analysis. Shortly after this case was removed to federal court, plaintiff filed a motion for remand based on the abstention principles established in Burford v. Sun Oil Co., 319 U.S. 315 (1943). The district court denied the motion. See Todd v. Richmond, 844 F.Supp. 1422 (D. Kan.1994). However, on reconsideration,[2] the district court held abstention under Burford was appropriate and ordered the case remanded accordingly. See Todd v. Richmond, 853 F.Supp. 1309 (D. Kan.1994). The next day, May 4, 1994, defendant filed a notice of appeal and requested a stay to prevent execution of the remand order and consequent mooting of the appeal. The district court denied the stay, but directed (and later re-directed) the clerk to postpone the actual transfer of the case file to preserve the status quo while the proceedings described herein continued.
 
 
 3
 Evidently concerned by potential jurisdictional problems with his appeal, defendant filed a motion asking the district court to certify its remand order for interlocutory appeal under 28 U.S.C. 1292(b), and then, on June 14, 1994, he voluntarily dismissed his appeal.[3] On February 25, 1995, the district court denied the motion for certification. Defendant filed a second notice of appeal on March 30, 1995, purporting to appeal from the remand order entered nearly eleven months earlier. On April 17, 1995, this court notified the parties that it was considering summary dismissal of the second appeal for lack of jurisdiction. Four days later, defendant filed his mandamus petition, challenging the same remand order underlying the appeal. Finally, on May 23, 1995, defendant moved for a stay of the remand order pending our review.
 
 
 4
 Defendant attempts to secure this second appeal from obvious timeliness objections by arguing that his motion for stay below, and the district court's related orders preserving the status quo, tolled the time for appeal. Recognizing that a stay request is not included among the tolling motions listed in Fed. R.App. P. 4(a)(4), defendant insists that we treat it as the functional equivalent of a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), citing Non-Punitive Segregation Inmates v. Kelly, 589 F.Supp. 1330 (E.D.Pa.1984), aff'd without op., 845 F.2d 1014, 1015 (3d Cir.1988).
 
 
 5
 Under the law of this circuit, a motion, however styled, will be deemed a Rule 59(e) motion if it qualifies as such both procedurally and substantively, i.e., it is served within the specified ten-day period and seeks relief appropriate to Rule 59(e) by questioning the correctness of the underlying judgment. See, e.g., Hannon v. Maschner, 981 F.2d 1142, 1144 n. 2 (10th Cir.1992); Security Nat'l Bank v. John Deere Co., 927 F.2d 519, 519 n. 2 (10th Cir.1991); Autorama Corp. v. Stewart, 802 F.2d 1284, 1286 (10th Cir.1986). Indeed, read beyond its headnotes, the decision cited by defendant is fully consistent with this circuit's approach, as the Kelly district court treated a pro se "Motion for Stay of Execution of Judgment" under Rule 59(e) expressly because it challenged the court's prior judgment on legal and factual grounds and, in requesting vacatur of that judgment, sought relief appropriate to a Rule 59(e) motion. See Kelly, 589 F.Supp. at 1331-32, 1334. Here, on the other hand, there is nothing before us to suggest that counsel's motion for stay of the remand order involved anything other than a typical request to delay execution on an adverse ruling, which does not satisfy the test for a Rule 59(e) motion and, consequently, cannot save this otherwise untimely appeal.
 
 
 6
 We turn now to the defendant's petition for a writ of mandamus.[4] "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Weston, 18 F.3d at 864 (quoting Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980)). "The party seeking the issuance of a writ of mandamus to compel a court to exercise its jurisdiction ... has the burden of showing it has a 'clear and undisputable' right to [relief]." Id. (quoting Mallard v. United States Dist. Court, 490 U.S. 296, 309 (1989)). Consequently, when the matter in dispute is already, by its very nature, committed to the district court's discretion, mandamus is ordinarily inappropriate to compel a particular result. See Allied Chem. Corp., 449 U.S. at 36; Blondin v. Winner, 822 F.2d 969, 974 (10th Cir.1987), cert. denied, 484 U.S. 1006 (1988); United States v. Carrigan, 778 F.2d 1454, 1466 (10th Cir.1985). On the other hand, if the district court fails or refuses to exercise the discretion accorded to it, mandamus is available to compel a considered decision. See, e.g., Hustler Magazine, Inc. v. United States Dist. Court, 790 F.2d 69, 71 (10th Cir.1986). In short, "[a]n appellate court does not issue the writ of mandamus to tell a district court how to decide a question that is within the district court's discretion." Mid-America's Process Serv. v. Ellison, 767 F.2d 684, 687 (10th Cir.1985)(emphasis added).
 
 
 7
 The decision whether to abstain under Burford is committed to the discretion of the district court. Burford, 319 U.S. at 318; see New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 359 (1989); see also Marshall v. El Paso Natural Gas Co., 874 F.2d 1373, 1377 (10th Cir.1989). Here, the district court exercised that discretion in light of the governing law. In practical effect, then, defendant is asking this court to issue a writ compelling the district court to resolve this discretionary matter in his favor. In accordance with the authorities cited above, we decline to do so.
 
 
 8
 Finally, in light of our disposition of defendant's appeal and mandamus petition, a stay would be both unjustified and pointless. Defendant's motion for stay is therefore denied.
 
 
 9
 Appeal No. 95-3103 is DISMISSED, petition No. 95-615 is DENIED, and the motion for stay is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defendant contends the district court's reconsideration of its ruling was improper under Fed.R.Civ.P. 59(e). See Petition for Writ of Mandamus (Petition) at 17-18. However, this court has explained on numerous occasions that prior to the entry of a final judgment, the district court retains the discretion to reconsider and revise such interlocutory orders, see, e.g., Unioil v. Elledge (In re Unioil), 962 F.2d 988, 993 (10th Cir.1992); Anderson v. Deere & Co., 852 F.2d 1244, 1246 (10th Cir.1988), and, more specifically, that this discretionary authority does not implicate the constraints and consequences associated with Rule 59(e), Wagoner v. Wagoner, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991)
 
 
 [3]
 We note that defendant was not required to dismiss his initial appeal to seek 1292(b) certification. Under existing precedent, defendant could have obtained a remand to pursue the 1292(b) motion, thereby preserving our jurisdiction "over any appeal that may thereafter [have] be[en] taken." Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, 968 F.2d 1003, 1005 (10th Cir.1992)
 
 
 [4]
 We note that mandamus is not to be used as a substitute for appeal. United States v. Taylor, 798 F.2d 1337, 1341 (10th Cir.1986). In particular, mandamus "is not a vehicle to relieve persons of the consequences of their previous decisions not to pursue available procedures and remedies." Weston v. Mann (In re Weston), 18 F.3d 860, 864 (10th Cir.1994). The voluntary dismissal of defendant's first appeal and the circumstances of his subsequent mandamus petition suggest that such prudential proscriptions may be pertinent here. However, given our straightforward dismissal of this appeal as untimely, we have not had the occasion to address the unsettled issue whether an appeal would have been a permissible means of securing review from the remand order at any time. Consequently, holding strictly to Weston 's specific language, we cannot say defendant's mandamus petition serves here as a substitute for an "available " but foregone appeal