**Marvin B. DAVIS, Plaintiff,**

v.

**Louis E. BRUCE, et al., Defendants.**

**Civil Action No. 00–3051–CM.**

United States District Court,
D. Kansas.

March 24, 2003.

Marvin B. Davis, Pro Se, El Dorado, KS, for Plaintiff.

Brian R. Johnson, The Law Offices of John M. Knox, Lawrence, KS, Rebecca Ann Weeks, Kansas Attorney General, Topeka, KS, for Defendants.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Pending before the court are plaintiff's Motions for Relief of Order (Docs. 93 & 98), plaintiff's Motion to Strike and for Extension of Time (Doc. 97), plaintiff's Motion for a Preliminary Injunction or for Temporary Restraining Order (Doc. 99), and defendants' Motion to Dismiss (Doc. 94).[1] As set forth below, plaintiff's motions are denied and defendants' motion is granted.

Plaintiff, who proceeds pro se, is incarcerated at the El Dorado Correctional Facility (EDCF) operated by the Kansas Department of Corrections. Plaintiff has named as defendant the Hutchinson Correctional Facility (HCF), a facility also operated by the Kansas Department of Corrections in which plaintiff was previously incarcerated. Plaintiff has also named as defendants four HCF employees in their official and individual capacities: Louis Bruce, A. Perez, Paul Wilson, and Keith Anderson (hereinafter "the individual defendants").[2] Plaintiff alleges in this 42 U.S.C. § 1983 action that the defendant prison officials violated his constitutional right of access to the courts. Specifically, plaintiff claims that the prison law library is constitutionally inadequate. Additionally, he contends that certain HCF officials interfered with his efforts to file an application for extension of time to file a petition for certiorari with the United States Supreme Court seeking review of the Kansas Supreme Court's denial of the plaintiff's application for a writ of habeas corpus. Plaintiff states that two officials unreasonably delayed their response to plaintiff's request for notaries and copies that he needed to file the application. Plaintiff claims that the defendants violated his rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and Sections Ten and Eighteen of the Kansas Constitution Bill of Rights. This court exercises jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

Plaintiff requests monetary relief in the form of $1,000,000 in damages, attorney's fees, and costs. Plaintiff also requests injunctive relief in the form of an order directing that the American Association of Law Libraries Committee on Law Library Services perform an inspection and evaluation of the HCF law library. Plaintiff also requests an evaluation of Inmate Legal Services at HCF, a hiring of additional attorneys by that

---

1. The court notes it has received correspondence from plaintiff dated July 17, 2002, which plaintiff terms a "motion." In this document, plaintiff reiterates his requests for relief that he seeks in the motions enumerated above. Because plaintiff does not request any form of relief different from that already sought, the court, in its discretion, treats this document as a piece of correspondence rather than as a separate motion.

2. Although plaintiff discusses the actions of several other HCF officials in the papers before the court, the court has not granted any of plaintiff's motions to amend his complaint to name any additional defendants. Because plaintiff has only named in his complaint as defendants HCF, Bruce, Perez, Wilson, and Anderson, they are the only defendants in this matter.

department, and additional measures aimed at preventing delay of inmate legal mail.

## I. Plaintiff's Motions for Relief of March 25, 2002 Order (Docs. 93 & 98)

● **March 25, 2002 Order**

Plaintiff moves the court, pursuant to Federal Rule of Civil Procedure 59, for relief from the court's March 25, 2002 Memorandum and Order (Doc. 91) (hereinafter "March 25 Order") to the extent the order denied plaintiff's Motion to Supplement (Doc. 86) and Motion for Injunction and Restraining Order (Doc. 90). In the March 25 order, the court denied plaintiff's motion to amend his complaint (Doc. 86). The court found that Federal Rule of Civil Procedure 15(a) did not require that leave to amend be granted under the procedural posture of this case, where the claims plaintiff sought to add did not appear sufficiently related to the existing claims. Further, the court denied plaintiff's motion for an injunction and a restraining order (Doc. 90), in which plaintiff sought a court order directing, *inter alia,* corrections officials to refrain from altering plaintiff's level of security, from discriminating against him as a result of this action, and from impeding plaintiff's access to legal materials related to this action.

● **Standard for Relief of Order**

 "[P]rior to the entry of a final judgment, the district court retains the discretion to reconsider and revise" interlocutory orders. *Richmond v. Crow,* 61 F.3d 916, n. 2, 1995 WL 350800 at *3 n. 2 (10th Cir.1995) (Table, text in Westlaw) (citations omitted). Motions for review of interlocutory orders fall within "the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment, and, as such, did not call into play the timing and tolling considerations attendant upon motions to alter or amend judgment under Fed.R.Civ.P. 59(e)." *Wagoner v. Wagoner,* 938 F.2d 1120, 1122 n. 1 (10th Cir.1991).

 Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir.1997); *Hancock v. City of Okla. City,* 857 F.2d 1394, 1395 (10th Cir.1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Marx v. Schnuck Mkts., Inc.,* 869 F.Supp. 895, 897 (D.Kan.1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.... A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D.Kan.1998) (citations omitted).

● **Analysis**

The court has reviewed the March 25, 2002 order, as well as plaintiff's motions for leave to amend and for injunction and restraining order. Upon its review, the court does not find a basis for reconsideration of the March 25, 2002 order. The court does not believe that its March 25, 2002 order was the result of clear error or manifest injustice. Further, plaintiff has not identified, nor has the court discovered, any intervening change in controlling law or in the availability of new evidence pertinent to that order. Plaintiff's motions for relief of order (Docs. 93 & 98) are denied.

● **Plaintiff's Motion to Strike (Doc. 97)**

Defendants move the court to dismiss this action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted. Attached to defendants' motion to dismiss is the *Martinez* report prepared in this case. Plaintiff moves the court to strike that report, stating that he controverts certain facts alleged in that report.

In ruling on defendants' Rule 12(b)(6) motion to dismiss, however, the court does not consider the *Martinez* report or any other pleading aside from the complaint. *See Swoboda v. Dubach,* 992 F.2d 286, 290 (10th Cir.1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the *Martinez* report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."); *Reed v. Dunham,* 893 F.2d 285, 287 n. 2 (10th Cir.1990) (noting that a disposition of a claim that is "premised upon materials outside the pleadings should be treated as a motion for summary judgment"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether *the plaintiff's complaint alone* is legally sufficient to state a claim for which relief may be granted." *Swoboda,* 992 F.2d at 290 (quoting *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)). The court therefore denies plaintiff's motion to strike the Martinez report as moot.

● **Plaintiff's Motion for Temporary Restraining Order (Doc. 99)**

On August 1, 2002, plaintiff moved the court for a temporary restraining order to prevent his transfer from HCF to the Lansing Correctional Facility (LCF). In plaintiff's motion, he states he was transferred from HCF to LCF on July 25, 2002. Defendants have filed no opposition to plaintiff's motion. In his motion, plaintiff alleged that the transfer was retaliatory in response to plaintiff's litigation of this lawsuit and others pending in federal and state courts. Further, plaintiff states the transfer was an attempt to remove him from prison employment, because plaintiff's supervisor is a defendant in this action.

Before examining the merits of plaintiff's request, the court must consider whether plaintiff's motion is moot. "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Out of Line Sports, Inc. v. Rollerblade, Inc.,* 213 F.3d 500, 501 (10th Cir.2000) (quoting *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir.1996)). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e., where the controversy is no longer live and ongoing .... a 'plaintiff cannot maintain a[n] ... injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *Cox v. Phelps Dodge Corp.,* 43 F.3d 1345, 1348 (10th Cir.1994), *superceded by statute as to other grounds as stated in Walker v. United Parcel Serv., Inc.,* 240 F.3d 1268, 1278 (10th Cir.2001) (quoting *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir.1991)).

As applied to this case, the mootness doctrine renders plaintiff's request for a temporary restraining order to prevent his transfer to LCF nonjusticiable. The court lacks the power to issue the requested relief, because plaintiff is no longer incarcerated at HCF.[3] *Accord Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997) (finding plaintiff's request for prospective injunctive relief moot because he "is no longer a prisoner within the control of the ODC, [and] the entry of a declaratory judgment in Green's favor would amount to nothing more than a declaration that he was wronged, and would have no effect on the defendants' behavior towards him"). Further, courts have found that the possibility of transfer to a prison facility is so remote and speculative that it does not fall within the "capable of repetition, yet evading review" exception to the mootness doctrine. *E.g., Nasious v. Ray,* 3 Fed.Appx. 745, 747 (10th Cir.2001) (finding that transfer to a different correctional facility mooted plaintiff's claims for prospective injunctive relief when he alleged no facts indicating he may be returned to the original facility); *McKinnon v. Talladega County, Ala.,* 745 F.2d 1360, 1363 (11th Cir.1984) (finding that transfer to another prison moots a claim for declaratory and injunctive relief even if "there is no assurance that he will not be returned

---

**3.** The court clarifies that, although plaintiff's motion for a temporary restraining order is moot, plaintiff is not prohibited from bringing a separate action alleging that his transfer was retaliatory.

to the first jail") (cited in *Green v. Branson*, 108 F.3d at 1300). Plaintiff's motion for a temporary restraining order is denied as moot.

● **Motion to Dismiss (Doc. 94)**

Defendants move the court to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## A. Facts

Plaintiff alleges defendants violated his constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and Sections Ten and Eighteen of the Kansas Constitution Bill of Rights. All of plaintiff's claims originate from his contention that defendants violated his right of access to the courts. First, plaintiff asserts that the prison library facilities were inadequate to assist him with his attempt to file a petition for a writ of certiorari to the United States Supreme Court because the legal materials were outdated, the law librarian treated him "with contempt because he continued to request the same material over and over," and the Inmate Legal Services clerks assisting him had no experience with drafting petitions for certiorari.

Second, plaintiff asserts that the actions of prison officials unreasonably delayed his submission of an application for extension of time to file a petition for writ of certiorari. Plaintiff states he mailed the application for extension of time from the HCF East Unit internal mail box on December 27, 1999. Plaintiff states that the United States Supreme Court denied his application for extension of time on the grounds that it was not filed within the requisite 10 days preceding the date upon which the petition for writ of certiorari is due. Plaintiff states he submitted "numerous" requests to Inmate Legal Services in which he sought assistance with filing the petition, but does not disclose the dates of those requests. Plaintiff states that on December 14, 1999, he submitted another request to Inmate Legal Services "and this time indicated it was an emergency and described the nature of the request and the time limitations involved." Plaintiff states that Mr. Sam Kepfield, an attorney with

Inmate Legal Services, responded to his request on December 17, 1999, and told plaintiff he was not certain how to file a petition for a writ of certiorari, that he would need to consult his legal materials, and that he would return on December 20, 1999. Plaintiff states that Mr. Kepfield returned on December 20, 1999, "with the Supreme Court Rules," which are "the same rules we have access to in the inmate library." According to plaintiff, Mr. Kepfield told him he had no experience with filing petitions for writs of certiorari, directed plaintiff to the Supreme Court Rules of Practice, and "scribbled some notes." Plaintiff then typed up "a guess-work application for extension of time to file a writ of certiorari."

In addition, plaintiff states that on December 20, 1999, he submitted a request for a notary and copies, and that this request was not filled until December 27, 1999. Plaintiff states that he deposited the application for extension of time with the prison mail system on December 27, 1999. He further claims the petition was not postmarked until December 30, 1999, indicating the facility "unlawfully seized" his mail from the 27th until the 30th of December. Plaintiff states in his complaint that the Supreme Court denied the motion for extension of time because it was untimely filed. According to plaintiff, the Kansas Supreme Court judgment from which plaintiff sought to appeal was entered on September 28, 1999, making the application for extension of time due on or before December 27, 1999.

● **Legal Standard**

The court will dismiss a case for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in

favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). Before considering the merits of defendants' motion, the court examines the extent to which plaintiff's claims are justiciable.

● **Analysis**

● **Mootness**

As set forth above, plaintiff's transfer to another correctional facility has mooted his claims for prospective injunctive relief. Accordingly, plaintiff's requests for injunctive relief in the form of an order directing that the American Association of Law Libraries Committee on Law Library Services perform an inspection and evaluation of the HCF law library, an evaluation of Inmate Legal Services at HCF, the hiring of additional attorneys by that department, and additional measures aimed at preventing delay of inmate legal mail are denied as moot because plaintiff is no longer incarcerated at HCF. Plaintiff's requests for monetary relief in the form of $1,000,000 in damages, attorney's fees, and costs survive this initial inquiry. *Accord Green*, 108 F.3d at 1300.

● **Eleventh Amendment Immunities**

Defendants request the court to dismiss the claims brought against HCF and against the individual defendants in their official capacities on the grounds that the Eleventh Amendment immunizes them from suit. Further, to the extent the individual defendants are sued in their individual capacities, defendants claim they are protected by qualified immunity.

● **HCF**

 Defendant HCF claims that the Eleventh Amendment bars this action against it because it is an agency of the State of Kansas. In the absence of consent, the Eleventh Amendment proscribes a suit against a state or one of its agencies in federal court, regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1560 (10th Cir.1992). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). A state or state agency is not a "person" that Congress made amenable to suit in § 1983.[4] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Carmichael v. Dep't of Corr.*, No. 88–3215–S, 1990 WL 134387 (D.Kan. Aug.8, 1990) (dismissing § 1983 suit against defendants Kansas Department of Corrections and the Medical Department of the Lansing Correctional Facility because the state and arms of the state are not "persons" within the meaning of § 1983). Consequently, the court dismisses plaintiff's claims against defendant HCF.

● **Individual Defendants**

 Plaintiff has sued the individual defendants in their official and individual capacities. The Eleventh Amendment immunizes state officials from suit in their official capacities, because such suits are, in essence, suits against the state. *Hafer v. Melo*, 502 U.S. 21, 30–31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir.1994). Accordingly, the court dismisses plaintiff's claims against the individual defendants to the extent they are sued in their official capacities.

 To the extent plaintiff seeks to recover monetary damages from the individual defendants in their personal, individual capacities, the Eleventh Amendment does not protect these defendants from suit. *Hafer*, 502 U.S. at 31, 112 S.Ct. 358. Accordingly,

---

**4.** Section 1983 provides, in part, that

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....

42 U.S.C. § 1983.

the individual defendants raise the defense of qualified immunity. Presentation of the defense of qualified immunity shifts the burden to the plaintiff to show that "(1) the official violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir.2002) (citing *Farmer v. Perrill*, 288 F.3d 1254, 1259 (10th Cir.2002)). The threshold question a court presented with a qualified immunity issue must consider is, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If no constitutional right has been violated, the court need not inquire further into the issue of qualified immunity. *Id.*

Here, plaintiff alleges defendants violated his constitutional rights under the First, Fourth, Sixth, and Fourteenth Amendments of the United States Constitution and Sections Ten and Eighteen of the Kansas Constitution Bill of Rights. As discussed in detail above, plaintiff's claims stem from defendants' alleged violation of plaintiff's right of access to the courts by (1) providing inadequate library resources and legal assistance; (2) unreasonably delaying his access to a notary and a copier; and (3) withholding his petition for a writ of certiorari from the mail system for three days.

■ In *Bounds v. Smith*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The Court clarified the contours of this right in *Lewis v. Casey*, holding that, to prevail on a claim that inadequate legal materials or assistance resulted in a denial of access to the courts, an inmate must establish that he incurred an "actual injury," i.e., that "the

alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An inmate might make such a showing by alleging "that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known" or "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id.*

■ A plaintiff who cannot show that he was hindered in bringing his claims or that he was otherwise injured by any alleged unconstitutional deficiencies in prison resources lacks standing to bring a claim of denial of access to the courts. *Bedford v. Sharp*, 120 F.3d 270, 1997 WL 413166 at *3 (10th Cir.1997) (citing *Lewis*, 518 U.S. at 351, 116 S.Ct. 2174; *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir.1996)). "[I]n instances in which a prisoner alleges that the seizure of legal materials has deprived him of his constitutional right of access to the courts—but does not allege a complete denial of access to legal resources—he must establish that he has been prejudiced by the defendant's actions in order to prevail." *Clemmons v. Davies*, 86 F.3d 1166 (10th Cir.1996) (unpublished) (citing *Green v. Johnson*, 977 F.2d 1383, 1390 (10th Cir.1992); *Gentry v. Duckworth*, 65 F.3d 555, 559 (7th Cir.1995); *Chandler v. Baird*, 926 F.2d 1057, 1062 (11th Cir.1991)).

■ The court proceeds to the question whether plaintiff can establish that he sustained an actual injury sufficient to confer him standing to bring a claim of denial of access to the courts.[5] Plaintiff attributes the Supreme Court's denial of his application for extension of time as untimely to defendants' alleged inadequacies and interference with his attempt to file it. However, the court finds plaintiff cannot state a claim that any of the alleged actions or inactions of HCF and its officials—the inadequacies of the prison

---

5. The court notes that, although defendants discuss *Lewis v. Casey* in their memorandum supporting their motion to dismiss, defendants omit the argument that plaintiff lacks standing.

library or legal services, the delay in providing him a notary and a copier, or holding of the prison mail—resulted in an actual injury. Accepting all of plaintiff's factual allegations as true, the court finds that plaintiff has not stated a claim that, but for the alleged encumbrances of defendants, he would have been able to make a timely application of extension of time. Thus, plaintiff has not stated a claim indicating he suffered injury due to defendants' actions.

Initially, the court recognizes that plaintiff states he had access to the Supreme Court Rules of Practice; thus, he had the ability to familiarize himself with the time limits and detailed procedures set forth in those rules, prior to making any requests of defendants. Supreme Court Rule of Practice 13.5 provides:

> For good cause, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days. An application to extend the time to file shall set out the basis for jurisdiction in this Court, identify the judgment sought to be reviewed, include a copy of the opinion and any order respecting rehearing, and set out specific reasons why an extension of time is justified. The application must be received by the Clerk at least 10 days before the date the petition is due, except in extraordinary circumstances. For the time and manner of presenting the application, see Rules 21, 22, 30, and 33.2. An application to extend the time to file a petition for a writ of certiorari is not favored.

Sup.Ct. R. 13.5 (emphasis added). In addition, Supreme Court Rule of Practice 30.2 states, "[a]n application to extend the time to file a petition for a writ of certiorari or to file a jurisdictional statement must be received by the Clerk at least 10 days before the specified final filing date as computed under these Rules; if received less than 10 days before the final filing date, such application will not be granted except in the most extraordinary circumstances." Sup.Ct. R. 30.2.

Under Supreme Court Rule 13.1, plaintiff's petition for writ of certiorari became due on December 28, 1999, 90 days after the entry of judgment by the Kansas Supreme Court on

September 28, 1999. Sup.Ct. R. 13.1. Plaintiff's petition for extension of time therefore needed to have been received by the clerk of the Supreme Court on or before December 18, 1999, to be timely. In denying plaintiff's application for extension of time, the Supreme Court ruled that plaintiff's petition for extension of time did not merit the "exceptional circumstances" needed to overcome the 10–day requirement.

The court finds that plaintiff cannot show he incurred actual injury, because plaintiff has not shown that, but for the alleged encumbrances of defendants, he would have timely filed an application for extension of time. The only date certain that plaintiff provides for a request for materials was December 14, 1999—four days prior to the date upon which the clerk would have needed to receive his application for it to be timely. Plaintiff has not stated why he was unable to file an application for extension of time when he already had access to the Supreme Court Rules of Practice. Plaintiff is chargeable with knowledge of the time limitations and procedures required for filing an application for extension of time, and could have calculated the timing requirements, and followed the detailed procedures set forth in those.

Further, although plaintiff alleges defendants delayed providing him with a notary and copies, and they impeded his mailing of the application of extension of time, under the facts set forth in plaintiff's complaint, he cannot show that he would have been able to file in a timely manner in the absence of these alleged impediments. Plaintiff did not request the notary and copies until after the application for extension of time was due. Plaintiff also has not shown why, under the Supreme Court Rules of Practice, he was required to have any document notarized or to submit any copies in addition to an original. Finally, even if plaintiff's mail was withheld for three days, he deposited the application for extension of time in the mail system after the date it was due. The court finds that any alleged delay in the provision of a notary or copies, or in the speed of the prison mail system, did not injure the plaintiff.

Consequently, the court finds that plaintiff cannot state a claim that defendants violated

his right of access to the courts. Therefore, the individual defendants are entitled to qualified immunity to the extent they are sued in their individual capacities. Defendants' motion to dismiss is granted as to all counts.

● **Order**

IT IS THEREFORE ORDERED THAT plaintiff's Motions for Relief of Order (Docs. 93 & 98) is denied.

IT IS FURTHER ORDERED THAT plaintiff's Motion to Strike and for Extension of Time (Doc. 97) is denied.

IT IS FURTHER ORDERED THAT plaintiff's Motion for a Preliminary Injunction or for Temporary Restraining Order (Doc. 99) is denied.

IT IS FURTHER ORDERED THAT defendants' Motion to Dismiss (Doc. 94) is granted.

