F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TRANSITO TRUJILLO,

      Plaintiff-Appellee,

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC
SCHOOLS; JOSEPH VIGIL and
SUSIE PECK, Albuquerque Public
Schools Superintendents, individually
and in their official capacities;
ANTHONY GRIEGO, Principal,
Valley High School, in his
official and individual capacity,
BRUCE SMITH, Valley High School
Assistant Principal, individually and in
his official capacity; RONALD
WILLIAMS, Director of Certified
Staffing, Albuquerque Public Schools,
individually and in his official
capacity,

      Defendants,

  and

MARK MAYERSTEIN, Valley High
School employee, in his official and
individual capacity,

      Defendant-Appellant.

No. 05-2305
(D.C. No. CIV-02-1146)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Defendant Lt. Col. Mark Mayerstein appeals from the district court's order denying his motion for summary judgment on the basis of qualified immunity on plaintiff Transito Trujillo's First Amendment retaliation claim.

### I. Jurisdiction

We must first address the basis for this court's jurisdiction. A district court's denial of a defendant's motion for summary judgment based on qualified immunity is a collateral order for which interlocutory appeal is available if there is a dispute concerning an abstract issue of law relating to qualified immunity. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996). The mere fact that the trial court determines that there are genuine issues of material fact regarding qualified immunity does not preclude appellate jurisdiction. *See id.* at 312-13; *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001).

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Here, Mayerstein argues that the district court erred in denying him qualified immunity because Trujillo's speech, for which Trujillo was allegedly retaliated against, is not protected by the First Amendment. In order to overcome a qualified immunity defense, Trujillo, as a plaintiff, "must establish that the defendant's conduct violated a federal constitutional or statutory right that was clearly established at the time of the conduct." *Hulen v. Yates*, 322 F.3d 1229, 1237 (10th Cir. 2003) (per curiam). The main issue in Mayerstein's appeal challenges Trujillo's ability to establish that Mayerstein's conduct violated Trujillo's constitutional rights. The determination of whether speech is protected by the First Amendment is a legal question. *See id.* at 1236. Accordingly, we have jurisdiction to consider Mayerstein's appeal.

Mayerstein also asserts that the district court: (1) failed to apply the proper standards to Trujillo's motion for reconsideration; (2) erred by impliedly permitting amendments to Trujillo's claims and theories, in contravention of Fed. R. Civ. P. Rules 15, 16, and 56; and (3) erred in assuming the role of Trujillo's advocate. These other issues on appeal do not fit neatly into the category of "abstract issues of law," *Behrens*, 516 U.S. at 313, but they also do not involve challenges to the sufficiency of the evidence. "Once jurisdiction over the abstract issue of law is established, the Court, in its discretion may exercise pendent appellate jurisdiction to review other issues." *Garrett v. Stratman*, 254 F.3d 946, 953 n.9 (10th Cir. 2001). To the extent that these other challenges

would not fall within this court's jurisdiction under *Behrens*, we exercise our pendent jurisdiction to review these issues.

## II. Background

Trujillo began working as an Aerospace Instructor (ASI) in the Air Force Junior Reserve Officer Training Corps program (AFJROTC) at Valley High School in Albuquerque, New Mexico, in 1991. The Board of Education for the Albuquerque Public Schools (the APS Board) hired Mayerstein in the spring of 2001 to replace Trujillo's supervisor in the position of Senior ASI. Trujillo's wife, Major Lourdes Trujillo, had applied for the job as well and, after APS hired Mayerstein, she filed a complaint with the Equal Employment Opportunity Commission (EEOC) claiming national origin and sex discrimination. Trujillo and Mayerstein began working together in October 2001. The relationship started well, but it began to deteriorate in December 2001. By the spring of 2002, both parties had been placed on administrative leave pending an investigation into their cross-allegations of misconduct.

Trujillo, through counsel, filed suit in September 2002 against Mayerstein and the other named defendants, bringing claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and other grounds. The APS Board and all of the individual defendants moved for summary judgment. Trujillo filed cross-motions for summary judgment against all of the defendants. The district court held a hearing on January 9, 2004, on all pending

motions. The district court stated at the hearing that it was going to grant summary judgment in favor of all of the defendants and deny summary judgment in favor of Trujillo. On March 29, Trujillo, now proceeding pro se, filed a Fed. R. Civ. P. 60(b) Motion and Brief for Reconsideration based on the district court's indication that it would be granting summary judgment in favor of all of the defendants. On September 17, the district court issued an order granting summary judgment for all of the individual defendants, except Mayerstein.

On March 30, 2005, the district court issued an order granting summary judgment in favor of Mayerstein. On April 4, Trujillo filed a Rule 59(e) Motion to Alter or Amend the Judgment, challenging the March 30, 2005 order. On April 11, the district court entered summary judgment in favor of the APS Board. On May 18, the district court denied Trujillo's Rule 60(b) motion, which the court construed as a motion for reconsideration because it was filed prior to final judgment in the case. On September 2, the district court construed Trujillo's Rule 59(e) motion as a motion for reconsideration and entered an order denying it in part and granting it in part.[2] As a result of reconsidering its earlier decision, the district court determined that Mayerstein was no longer entitled to summary judgment on Trujillo's First Amendment retaliation claim. This interlocutory appeal followed.

---

[2] The district court also denied three other motions for reconsideration filed by Trujillo.

### III.  Standards of Review

We review de novo legal questions such as the district court's denial of Mayerstein's motion for summary judgment on the basis of qualified immunity, *see Hulen*, 322 F.3d at 1236, and the district court's decision not to apply the Rule 59(e) or Rule 60(b) standards to Trujillo's motion for reconsideration, *see generally Dang v. UNUM Life Ins. Co. of Am.*, 175 F.3d 1186, 1189 (10th Cir. 1999).  We review for abuse of discretion the district court's decision to impliedly permit amendment of Trujillo's complaint, *see Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999), and the district court's decision to consider portions of the record that were not specifically referenced by Trujillo in his motions, *see Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998); *Downes v. Beach*, 587 F.2d 469, 471-72 (10th Cir. 1978).

### IV.  Discussion

#### A.  First Amendment Analysis

Mayerstein argues that Trujillo failed to establish that any of his speech was protected by the First Amendment.  The district court concluded that Trujillo had established that two areas of his speech were entitled to First Amendment protection:  speech regarding Mayerstein's lack of Federal Aviation Administration (FAA) certification and speech regarding Mayerstein's alleged abuse of students.  Mayerstein asserts that the district court erred in analyzing

whether Trujillo's speech constituted an issue of public concern that warrants First Amendment protection.

After the district court issued its opinion, the Supreme Court decided *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1960 (2006), which modified prior First Amendment jurisprudence by clarifying that when speech is part of a public employee's official duties, it is not made as a citizen and is not protected. Mayerstein filed a notice of supplemental authority arguing that *Garcetti* offered further support for his position that Trujillo's speech was part of his official duties and therefore it was not protected by the First Amendment. In his opening brief, Mayerstein argued that "[t]he fact that Mr. Trujillo spoke to comply with APS regulations in the course of his official duties weighs against finding that his speech involved a matter of public concern." Aplt. Br. at 22 (citing *Koch v. City of Hutchinson*, 847 F.2d 1436, 1445 (10th Cir. 1988)).

Although we agree that the *Garcetti* decision must now be considered in the First Amendment analysis, there are two problems with this argument that require us to remand to the district court for further proceedings. The first problem is that Mayerstein did not raise this argument before the district court. Generally we do not consider new issues on appeal, but we do have the discretion to consider new arguments based on "changes in governing law arising during the pendency of the appeal." *Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1222 (10th Cir. 1996). Because the *Garcetti* decision was a change in the governing

law, we could, in our discretion, consider this argument. The second problem, however, is that the record before us does not contain sufficient evidence on Trujillo's official duties to perform the *Garcetti* analysis. Accordingly, we remand this case for further fact-finding in light of the Supreme Court's decision in *Garcetti*. *See*, *e.g.*, *United States v. Novey*, 922 F.2d 624, 629-30 (10th Cir. 1991), *overruled on other grounds by United States v. Flowers*, 464 F.3d 1127 (10th Cir. 2006).

### B. Standard for Motion for Reconsideration

The district court determined that it had the general discretionary authority to consider Trujillo's Rule 59(e) motion to alter or amend the March 30, 2005 order, without applying the stricter Rule 59(e) standards because final judgment had not yet entered in the case.[3] Although Trujillo captioned his motion as a Rule 59(e) motion, the district court construed it as a motion for reconsideration. This is proper because the district court is not bound by a pro se litigant's characterization of available relief. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992).

A district court has discretion to revise interlocutory orders prior to entry of final judgment. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005)

---

[3]     Although Mayerstein argues that the district court erred in its treatment of Trujillo's motions for reconsideration, the only relevant motion is Trujillo's Rule 59(e) motion to alter or amend the March 30, 2005 decision because the other four motions were denied.

("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (citing Fed. R. Civ. P. 54(b)). Mayerstein asserts that, although final judgment had not yet entered in the case, the district court's discretion to revise its interlocutory orders was limited by the standards for reviewing a post-judgment motion filed pursuant to Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Mayerstein cites to several district court decisions to support his position, but he cites to no Tenth Circuit authority. Moreover, he fails to mention this court's opinion in *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003), which was relied upon by the district court for its decision.

In *Raytheon*, like this case, the plaintiff moved for reconsideration prior to the entry of final judgment. The district court treated the motion as a Rule 60(b) motion, even though it acknowledged that the plaintiff was seeking reconsideration of an interlocutory order rather than a final judgment. *Id.* at 1216. We concluded that "[t]he district court was incorrect to treat Raytheon's motion for reconsideration under Rule 60(b), which only applies to final orders or judgments." *Id.* at 1217. Similarly, in *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991), we noted that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory

rulings prior to entry of final judgment." The district court therefore had the general discretionary authority to review its March 30, 2005 order after Trujillo filed his motion for reconsideration, and it was not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion.

Mayerstein also argues that the law of the case doctrine required the district court to apply the more stringent requirements used for Rule 59(e) and Rule 60(b) motions. "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Because this case involves the district court's consideration of new facts and does not involve a change in the district court's application of any rule of law, the law of the case doctrine is not applicable. *See generally Major v. Benton*, 647 F.2d 110, 111-12 (10th Cir. 1981) (discussing application of law of the case doctrine to district court's decision to reverse a prior interlocutory order and reach different conclusions of law). Although the district court stated at the beginning of its September 2 decision that, in addition to new facts that were presented by Trujillo, "[b]ecause the [Tenth Circuit] has recently decided an opinion that suggests a lower threshold for showing adverse action in First Amendment caselaw . . . the Court will withdraw its summary judgment on the First Amendment retaliation claim." Aplt. App. at 588, the remainder of the opinion makes clear that the district court's self-reversal is based

solely on the consideration of new facts, *see*, *e.g.*, *id.* at 593-96, 599.  The district

court reversed itself because it concluded that Trujillo's newly highlighted facts

created a genuine issue of material fact that Mayerstein retaliated against Trujillo

for speaking out about Mayerstein's lack of FAA certification and about

Mayerstein's allegedly abusive treatment of the students.  The district court's

decision did not alter any previously announced rule of law on the adverse action

issue.  The district court continued to conclude, as it did in its March 30 order,

that the changes in Trujillo's office location, work hours, and chain of command

constituted adverse actions.  *See id.* at 471, 597, 599.

Because we conclude that the district court did not err in failing to apply

the standards for Rule 59(e) and Rule 60(b) motions to Trujillo's motion for

reconsideration, we do not need to reach Mayerstein's argument that applying

those standards would have resulted in a denial of that motion.

## C.  Federal Rules of Civil Procedure 15, 16, and 56

Mayerstein next argues that the district court's treatment of Trujillo's

motions for reconsideration evidenced other procedural errors under Rules 15, 16,

and 56 of the Federal Rules of Civil Procedure.  Mayerstein asserts that the

district court allowed Trujillo to impliedly amend his complaint to include

allegations that Trujillo was retaliated against for his own speech on the FAA

certification issue and that Trujillo's retaliation claim stemmed from the adverse

actions of relocating his office, altering his work schedule, and removing him

from the chain of command. We note that Mayerstein failed to raise this argument before the district court.

Mayerstein acknowledges that Trujillo was attempting to alter the theory of his case when Trujillo filed his first Rule 60(b) motion after the motions hearing. *See* Aplt. Br. at 33. Despite being on notice of the change in Trujillo's approach to the case, however, Mayerstein did not argue in his response to Trujillo's motions for reconsideration that Trujillo was attempting to impliedly amend his complaint and that any consideration of these allegations by the district court would be improper under Rules 15, 16, and 56. Rather, Mayerstein's arguments were based on the application of the standards for deciding Rule 59(e) and Rule 60(b) motions and how applying those standards should result in denial of the motions for reconsideration. *See*, *e.g.*, Aplt. App. at 398-401, 514-16. Because we see no reason to depart from the general rule that we do not consider arguments raised for the first time on appeal, we decline to address this argument. *See Hill v. Kan. Gas Serv. Co.*, 323 F.3d 858, 865-66 (10th Cir. 2003).

**D. Acting as an Advocate**

As his last issue, Mayerstein argues that the district court improperly assumed the role of Trujillo's advocate. This argument is based on the district court's decision to rely in part on a portion of the record that was not referenced by Trujillo regarding the fact that Trujillo spoke directly to Mayerstein about the FAA certification issue. *See* Aplt. App. at 596-97. This record evidence was also

relied on during the causation section of the district court's analysis. *See id.* at 597-98.

"A district court abuses its discretion when it renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgement." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 777 (10th Cir. 1999) (quotation omitted). A district court has discretion to go beyond the referenced portions of the summary judgment materials provided by the parties. *Adler v. Wal-Mart, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998); *Downes v. Beach*, 587 F.2d 469, 471-72 (10th Cir. 1978). Mayerstein has not demonstrated that the district court's decision to do so in this instance constituted an abuse of that discretion.

## V. Conclusion

The district court's decision is AFFIRMED with respect to the district court's treatment of Trujillo's motion for reconsideration. The case is REMANDED to the district court for further fact-finding consistent with this opinion. Appellee's motion to file a surreply filed December 12, 2005, is denied.

Entered for the Court

Stephen H. Anderson
Circuit Judge