**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TRANSITO TRUJILLO,

      Plaintiff-Appellant,

v.

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC
SCHOOLS; JOSEPH VIGIL and
SUSIE PECK, Albuquerque Public
Schools Superintendents, individually
and in their official capacities;
ANTHONY GRIEGO, Principal,
Valley High School, individually and
in his official capacity; BRUCE
SMITH, Valley High School Assistant
Principal, individually and in his
official capacity; RONALD
WILLIAMS, Director of Certified
Staffing, Albuquerque Public Schools,
individually and in his official
capacity; MARK MAYERSTEIN,
Valley High School employee,
individually and in his official
capacity,

      Defendants-Appellees.

No. 07-2210
(D.C. Nos. CIV-02-1146-JB-LFG and
CIV-03-1185-JB-LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and

(continued...)

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **TYMKOVICH**, Circuit Judge.

Transito Trujillo was unsuccessful in his employment-related lawsuit against the defendants. The district court dismissed some claims and granted summary judgment to defendants on others, including a 42 U.S.C. § 1983 claim of violations of Trujillo's First Amendment right to free speech. A jury decided against Trujillo on his remaining claim of retaliation in violation of Title VII of the Civil Rights Act of 1964. Trujillo appeals. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. Background

This court previously heard an interlocutory appeal in Trujillo's case. *See Trujillo v. Board of Educ. of Albuquerque Pub. Schs.*, 212 F. App'x 760 (10th Cir. 2007). We there described the factual background to this action:

> Trujillo began working as an Aerospace Instructor (ASI) in the Air Force Junior Reserve Officer Training Corps program (AFJROTC) at Valley High School in Albuquerque, New Mexico, in 1991. The Board of Education for the Albuquerque Public Schools (the APS Board) hired [Lt. Col. Mark] Mayerstein in the spring of 2001 to replace Trujillo's supervisor in the position of Senior ASI. Trujillo's wife, Major Lourdes Trujillo, had applied for the job as well and, after APS hired Mayerstein, she filed a complaint with the

*(...continued)
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Equal Employment Opportunity Commission (EEOC) claiming national origin and sex discrimination. Trujillo and Mayerstein began working together in October 2001. The relationship started well, but it began to deteriorate in December 2001. By the spring of 2002, both parties had been placed on administrative leave pending an investigation into their cross-allegations of misconduct.

*Id.* at 763. Ultimately the Air Force decertified both Trujillo and Mayerstein as AFJROTC instructors, and their employment was terminated by the Albuquerque Public Schools (APS). "Trujillo, through counsel, filed suit in September 2002 against Mayerstein and the other named defendants, bringing claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and other grounds." *Id.*

In the interlocutory appeal, which concerned the district court's denial of Mayerstein's motion for summary judgment on Trujillo's First Amendment claim, this court remanded for further consideration under the rationale of the Supreme Court's intervening decision in *Garcetti v. Ceballos*, 547 U.S. 410 (2006).[1] *See id.* at 764-65. On remand, the district court concluded that Trujillo's speech was required as part of his job and granted summary judgment to defendants, including Mayerstein, under *Garcetti*. In a separate order, the district court also denied Trujillo's motion to amend his complaint to add a new First Amendment claim.

_____

[1] In *Garcetti*, the Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." 547 U.S. at 421.

Ultimately, all but one of Trujillo's claims were dismissed or were decided on summary judgment. Trujillo proceeded pro se to trial on his claim that APS retaliated against him for pursuing activities protected under Title VII. The jury found in favor of APS, and the district court denied Trujillo's motions for a new trial and to alter or amend the judgment. Trujillo, still proceeding pro se, appeals.

## II. Analysis

### A. Motion for a New Trial

Trujillo first argues that the district court erred in denying his motion for a new trial, given the weight of the evidence and allegedly damaging admissions and testimony by certain defendants. We review the district court's decision for an abuse of discretion, viewing the evidence in the light most favorable to Trujillo. *See Escue v. N. Okla. College*, 450 F.3d 1146, 1156 (10th Cir. 2006). It is "[t]he jury [that] has the exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (quotation omitted). "[U]nder the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury; it may only grant a new trial if it concludes that the jury's verdict was so against the weight of the evidence as to be unsupportable." *Skinner v. Total Petroleum, Inc.*, 859 F.2d 1439, 1443 (10th Cir. 1988). "Thus, even if we do not

necessarily agree with the jury's verdict, it must be upheld unless it is clearly, decidedly or overwhelmingly against the weight of the evidence." *Escue*, 450 F.3d at 1157 (quotation omitted).

Having reviewed all the portions of the trial transcript that were submitted as part of the record on appeal, we do not believe that the jury's verdict can be characterized as "clearly, decidedly or overwhelmingly against the weight of the evidence." Ample evidence supports the jury's verdict. The testimony and allegedly damaging admissions that Trujillo highlights in his appellate brief do not alter our conclusion that denying the motion was not an abuse of discretion.[2]

## B. Jury Instructions

Trujillo challenges certain jury instructions that were given and also argues that the district court erroneously refused to give his requested instructions.

## 1. Jury Instructions Given

First, Trujillo contends that jury instructions 10 through 16 were incorrect and inadequate. He did not object at trial, however, so our review is under the plain-error standard. *See Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1245 (10th Cir. 2000). "Under that standard, we will affirm unless the instructions were

---

[2]     To the extent that Trujillo complains that the district court did not give a limiting instruction in connection with certain testimony, we note that he did not object to the testimony at trial or request a limiting instruction. Thus, our review is for plain error. *See Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1245 (10th Cir. 2000). We do not find any error, much less plain error, in not giving a limiting instruction with regard to the challenged testimony.

patently, plainly erroneous and prejudicial." *Id.* (quotation omitted).  "Plain error

occurs when there is (1) error, (2) that is plain, which (3) affects substantial

rights, and which (4) seriously affects the fairness, integrity, or public reputation

of judicial proceedings."  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732

(10th Cir. 2005) (en banc) (quotation omitted).

*Definitions*

Trujillo argues that instructions 10, 11, and 12 did not define key terms.

He contends that instructions 10 and 11 should have made it clear that the actions

of "APS" (Albuquerque Public Schools) or "the employer" included the actions of

APS's agents; that instruction 10 should have defined "causal connection," and

that instruction 12 should have defined "vicariously liable."

The gist of Trujillo's agency argument was communicated to the jury via

Instruction 12, which concerned an employer's liability for the actions of

supervisory employees.  Thus, the failure to include an agency instruction did not

seriously affect the fairness of the trial.  As for the "causal connection" and

"vicariously liable" arguments, "[a] significant line of cases holds that it is not

error–plain or otherwise–to fail to define a statutory term or phrase that carries its

natural meaning."  *United States v. Robinson*, 435 F.3d 1244, 1249 (10th Cir.

2006).  While theories of causation and vicarious liability can become quite

complicated, as those terms were used in instructions 10 and 12, they were not so

out of the ordinary that the failure to define them constituted plain error.

*Lack of Specificity*

Trujillo also argues that instructions 10 and 13 did not specify that his oral or informal objections could constitute protected activity under Title VII; that instruction 14 did not note that certain activity could be considered pretext; and that instruction 16 did not identify certain damages awardable to him under the standard of *Hillig v. Rumsfeld*, 381 F.3d 1028 (10th Cir. 2004).

None of these arguments identify errors in the instructions that were given. The instructions were non-specific; this is not a situation in which they included some activities or categories of damages while excluding the activities and categories about which Trujillo complains. Further, to the extent that Trujillo believes the jury needed guidance in making connections between his evidence and the applicable legal standards, in his closing argument he was free to present any reasonable inferences supported by the evidence. We find no plain error.

*Lack of Reference to Case Standards*

Instruction 15 stated, "[a]n action is a materially adverse action if the action might have dissuaded a reasonable worker from making or supporting a charge of discrimination." R. Doc. 442 at 16. Trujillo contends that the instruction should have incorporated the exact language of *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006), in which the Supreme Court stated an action is materially adverse if it "*well* might have dissuaded a reasonable worker" (quotation omitted, emphasis supplied). If the omission of

"well" in this context even constitutes error, it does not constitute plain error.  It affected no substantial rights and did not seriously affect the fairness of the trial.

## 2.  Refusal of Requested Jury Instructions

Trujillo also appeals the district court's refusal to give his requested jury instructions.  Under Fed. R. Civ. P. 51, a party must timely object to a failure to give a jury instruction.  This court has stated, "to comply with Rule 51 a party must both proffer an instruction and make a timely objection to the refusal to give a requested instruction.  A party does not satisfy the requirements for Rule 51 by merely submitting to the court a proposed instruction that differs from the instruction ultimately given to the jury." *Abuan v. Level 3 Communications, Inc.*, 353 F.3d 1158, 1172 (10th Cir. 2003) (citation and quotation omitted).  Trujillo did not object to the district court's refusal of his proposed instructions.  Consequently, as with the jury instructions that were given, we review the district court's decision only for plain error.[3]  *See Giron v. Corr. Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999).

---

[3]     Trujillo complains that he did not have time to review the final proposed jury instructions and indicates that he considered his general objections to APS's proposed instructions and his own proposed instructions to be "sufficient objections."  Aplt. Br. at 26.  But we are not inclined to apply a different standard of review.  "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (alteration and quotation omitted).  It was Trujillo's burden to review the instructions, and it appears that he had several opportunities to make objections.  *See* R. Doc. 479 at 2-3 ("The Court held hearings during breaks and at the end of each day, and specifically asked for each parties' objections to and comments on the jury instructions.").

"The trial judge is given substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented. A party has no vested interest in any particular form of instructions." *Richards v. Att'ys' Title Guar. Fund, Inc.*, 866 F.2d 1570, 1573 (10th Cir. 1989) (citations omitted). The court adopted portions of some of Trujillo's requested instructions and gave instructions substantially similar to others. Trujillo complains that his proposed instructions "provided for inclusion of the alleged retaliatory activity to guide the jury, as well as guidance on causal connection, elements which the court eliminated from its final jury instruction." Aplt. Br. at 26. Trujillo's proposed instruction discussing the alleged retaliatory activity, however, was prolix. Further, as discussed above, the failure to define "causal connection" was not plain error. The instructions that the district court gave adequately addressed the issues. Accordingly, we find no plain error in the district court's rejection of Trujillo's proposed instructions.

### C. First Amendment Claim

Trujillo also raises a First Amendment issue. In the interlocutory appeal, this court remanded for further consideration of Trujillo's First Amendment claims. *See Trujillo*, 212 F. App'x at 764-65. On remand, the district court focused on four instances of allegedly protected speech, including Trujillo's complaints about Mayerstein's mistreatment of students. The district court did not consider a claim that Trujillo reported Mayerstein's discriminatory treatment

of Hispanic students (a separate issue from the mistreatment allegations); rather, it held that this claim was untimely asserted and denied Trujillo's motion to amend his complaint to include it. The court also denied Trujillo's motion to reconsider its decision and his motion to alter or amend its judgment regarding this issue. On appeal, Trujillo does not challenge the grant of summary judgment to the defendants regarding the four instances of speech that the district court analyzed, but instead argues that the court erred in failing to consider the claim regarding the discriminatory treatment of Hispanic students.

This court reviews the denial of leave to amend a complaint for abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The district court reviewed the applicable standards under both Fed. R. Civ. P. 15(a) and Fed. R. Civ. P. 16(b) and cited numerous reasons for not allowing Trujillo to add this retaliation claim. These reasons included the length of time the case had been pending (five years); the length of time since the deadline for pre-trial motions (more than three years since an original deadline and more than sixteen months since an extended deadline imposed once Trujillo's two cases were consolidated); the short time remaining before trial (less than two months); that the proposed amended complaint's new facts attempted to skirt the court's prior summary judgment rulings on Trujillo's First Amendment claims; and that the claims were time-barred and futile. These are all proper grounds for refusing to allow an amendment. *See Foman*, 371 U.S. at 182 (stating that undue delay,

-10-

undue prejudice to the opposing party, and futility are proper grounds for denying an amendment); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial.") (quotations, alterations, and citations omitted); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001) ("We have often found untimeliness alone a sufficient reason to deny leave to amend.") (quotation and alteration omitted).

Trujillo argues that he impliedly amended his complaint to include this claim by discussing the issue in various briefs, without objection by the defendants. He also contends that defendants "did not object to Trujillo's trial testimony on his student race discrimination reports . . . . Therefore the court should have reconsidered in order to conform to the evidence" under Fed. R. Civ. P. 15(b). Aplt. Reply Br. at 6. In either of these circumstances, however, implied amendment would be inappropriate because it is not clear that the argument or evidence was intended to assert a new claim, rather than supporting the existing claims. *See Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004).

For these reasons, the district court's denial of leave to amend was not an abuse of discretion, and the district court did not err in refusing to reconsider its decision.[4]

### D. Denial of Bench Trial

Finally, Trujillo contends that the district court erred in denying his motions for a bench trial. The court denied his motions because the claim at issue was triable by jury, defendants had not consented to the withdrawal of Trujillo's jury demand, and defendants desired a jury trial.

The district court did not err. Trujillo made a jury demand in his complaint, and defendants were entitled to rely on that demand. *See* Fed. R. Civ. P. 38(b) (2007) (providing that a jury demand included in a pleading is effective); Fed. R. Civ. P. 38(c) (2007) (providing that a general jury demand is construed to cover all issues triable to a jury); Fed. R. Civ. P. 39(a) (2007) ("When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action."). As the district court held, Trujillo had no right to withdraw the jury demand unilaterally. *See* Fed. R. Civ. P. 38(d) (2007) ("A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."); Fed. R. Civ. P.

---

[4] Because this claim was not part of the case before the district court, we need not discuss Trujillo's argument that *Garcetti* did not overrule *Givhan v. Western Line Consolidated School District*, 439 U.S. 410 (1979).

39(a)(1) (2007) (providing that, once a jury trial has been demanded, trial must be by jury on all jury-triable issues unless all parties stipulate to a nonjury trial).

### III. Conclusion

The district court's judgment is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge