**WAGNER EQUIPMENT CO., Plaintiff,**

v.

**Jason WOOD, individually and dba PAMF Excavation and Logging, and PAMF Excavation, LLC, Defendants.**

Civ. No. 11–466 MV/GBW.

United States District Court,
D. New Mexico.

Jan. 24, 2013.

Elizabeth Heaphy, Lindsay K. Griffel, Shari L. Cordova, Rammelkamp, Muehlenweg & Cordova PA, Albuquerque, NM, for Plaintiff.

Kallie Dixon, Kallie Dixon Law, PC, David A. Streubel, Streubel, Kochersberger & Mortimer LLC, Albuquerque, NM, for Defendants.

## MEMORANDUM OPINION AND ORDER

MARTHA VÁZQUEZ, District Judge.

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration and for Leave to File Revised Amended Complaint [Doc. 97] and Plaintiff's Motion for Leave to File Supplemental Complaint [Doc. 150]. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that the Motion for Reconsideration and for Leave to File Revised Amended Complaint is well-taken in part and not well-taken in part, and will be granted in part and denied in part, and Plaintiff's Motion for Leave to File Supplemental Complaint will be denied as moot.

### BACKGROUND

In October 2010, Defendants purchased from Plaintiff a Caterpillar 501 Harvester for use in their logging operations. Doc. 1–2, ¶¶ 6–7. Defendants experienced problems with the operation of the Harvester. *Id.* ¶ 8. To remedy the situation, the parties agreed that Plaintiff would make certain payments to Defendants and perform repairs to the Harvester. *Id.* ¶ 10. The parties' agreement was memorialized in a Settlement Agreement and Release, effective March 9, 2011. *Id.* According to Plaintiff, despite the fact that Plaintiff had "materially performed all of its obligations under the Settlement Agreement," Defendants "unilaterally declared the settlement agreement 'nullified.' " *Id.* ¶ 12. Thereafter, Defendants raised their concerns about the Harvester to Cat Inc., the manufacturer, who agreed to cause additional repairs to be performed, and Plaintiff agreed to perform the repairs. *Id.* ¶¶ 13–14. Plaintiff contends that before it could complete the repairs, Defendants undertook an email campaign to slander Plaintiff's name in the business community. *Id.* ¶ 15.

On May 10, 2011, Plaintiff filed the instant action against Defendants in New Mexico state court. On June 1, 2011, Defendants removed the case to this Court under federal diversity jurisdiction. In its Complaint for Injunctive Relief, Business Defamation and Breach of Contract, Plaintiff alleged a claim

of business defamation and a claim of breach of contract.

Defendants filed a motion to dismiss the breach of contract claim on the basis that Plaintiff made only conclusory assertions that were insufficient under the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Doc. 5. Plaintiff opposed the motion, but also filed a motion for leave to amend the complaint ("First Motion to Amend"), attaching a proposed amended complaint to add allegations as to its breach of contract claim, in addition to adding a new claim of breach of the covenant of good faith and fair dealing. Doc. 19. In a Memorandum Opinion and Order entered March 30, 2012 ("Original Opinion"), the Court granted Defendants' motion to dismiss and denied Plaintiff's First Motion to Amend. Doc. 95.

By its instant Motion for Reconsideration and for Leave to File Revised Amended Complaint ("Second Motion to Amend"), Plaintiff seeks reconsideration of the Court's denial of its First Motion to Amend or, in the alternative, permission to file the Revised Amended Complaint attached to its Second Motion to Amend. Doc. 97. Additionally, in its Motion for Leave to File Supplemental Complaint ("Motion to Supplement"), Plaintiff seeks permission to file the Supplemental Complaint, attached to its Motion to Supplement. Doc. 150. Defendants oppose both motions in their entirety. Docs. 118, 151.

## LEGAL STANDARD

### I. Motion for Reconsideration

■ "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). The district court has discretion to revise interlocutory orders before the entry of a final judgment. *Trujillo v. Board of Educ. of the Albuquerque Pub. Schs.*, 212 Fed.Appx. 760, 765 (10th Cir.2007). When a party seeks to obtain reconsideration of a non-final order, the motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir.1991).

A motion to reconsider is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Accordingly, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Rather, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

### II. Motion for Leave to File Amended Complaint

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule instructs the Court to "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196 (10th Cir.2006).

■ "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993). Undue delay will be a sufficient reason to deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Id.* (citation omitted). Additionally, "where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* (citation omitted). Accordingly, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new theories of

**350**

recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter,* 451 F.3d at 1206 (citations omitted).

### III. *Motion for Leave to File Supplemental Complaint*

 Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d). Such supplementation is permissible regardless of whether "the original pleading is defective in stating a claim or defense." *Id.* "Motions to supplement are addressed to the sound discretion of the trial court." *Gillihan v. Shillinger,* 872 F.2d 935, 941 (10th Cir.1989). "Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Id.*

### DISCUSSION

### I. *Motion for Reconsideration*

 Plaintiff asks the Court to reconsider its denial of Plaintiff's First Motion to Amend. In support of this request, Plaintiff argues that its breach of contract claim was sufficiently pled in the Original Complaint. In making this argument, Plaintiff fails to articulate the legal standard for a motion to reconsider, much less attempt to demonstrate that it has met its burden under that standard.

Rather than meet the relevant standard, Plaintiff does no more than reargue issues previously addressed by the Court, and advance new arguments and supporting facts which were available at the time of the First Motion to Amend. Specifically, Plaintiff argues that Defendants' alleged repudiation of the Settlement Agreement constituted a breach of contract giving rise to a claim for damages. This, however, is an argument that could have been, but was not, advanced in support of Plaintiff's First Motion to Amend. Further, the issues raised by Plaintiff are the very issues which the Court addressed in the Original Opinion. Finally, the

facts presented in support of Plaintiff's request for reconsideration were previously available and could have been alleged in Plaintiff's First Motion to Amend.

Accordingly, by its request for reconsideration, Plaintiff seeks "a second opportunity ... to make [its] strongest case, to rehash arguments, [and] to dress up arguments that previously failed"—precisely the sort of relief a losing party is foreclosed from seeking on a motion to reconsider. *Kustom Signals, Inc. v. Applied Concepts, Inc.,* 247 F.Supp.2d 1233, 1235 (D.Kan.2003), *aff'd,* Nos. 03–1431, 03–1432, 2004 WL 2370634 (Fed.Cir. Oct. 15, 2004). At the same time, Plaintiff fails to demonstrate either that the Court misapprehended the facts, Plaintiff's position, or the controlling law. Plaintiff's request for reconsideration thus should be denied.

### II. *Motion for Leave to File Revised Amended Complaint*

 In its Second Motion to Amend, Plaintiff requests permission to file its Revised Amended Complaint. According to Plaintiff, the Revised Amended Complaint cures any alleged deficiencies in the previous iterations of its claim for breach of the Settlement Agreement. Defendants do not contest that the allegations in the Revised Amended Complaint are sufficient to state a breach of contract claim. Defendants do, however, oppose Plaintiff's request for leave to amend on the grounds that the Second Motion to Amend is untimely, and that Plaintiff knew of the facts in the Revised Amended Complaint, but failed to include them in the original complaint.

First, Defendants argue that because the deadline for the parties to amend the pleadings was February 15, 2012, Plaintiff's Second Motion to Amend, filed March 30, 2012, is untimely. Based on this "undue delay," Defendants argue that the Court should deny Plaintiff's Second Motion to Amend. Plaintiff acknowledges that it missed the deadline, but argues that it has a reasonable explanation, namely, that Plaintiff had filed its First Motion to Amend before the deadline, and was still awaiting decision on that Motion when the deadline passed. It was not until the Court entered the Original Opinion, on

March 20, 2012, that Plaintiff was aware of the need to make further revisions and seek leave of the Court to file a Revised Amended Complaint. The Court agrees that, based on this procedural history, Plaintiff's delay in filing its Second Motion to Amend is reasonable.

Second, Defendants argue that the factual allegations added to the Revised Amended Complaint, including allegations regarding Defendants' filing of its counterclaim, were all known to Plaintiff at the time it filed its First Motion to Amend. According to Defendants, because Plaintiff knew of these facts, yet failed to include them in its First Amended Complaint, Plaintiff's Second Motion to Amend should be denied. As Plaintiff argues, however, despite its failure to include direct reference to Defendants' counterclaim in previous versions of the Complaint, every version of the Complaint put Defendants on notice of its theory that, by pursuing claims released under the Settlement Agreement, Defendants breached the Settlement Agreement. Accordingly, this is not a case where Plaintiff appears to be using Rule 15 to make its complaint a moving target, to salvage a lost case by untimely suggestion of new theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial. The Court thus finds that, while denial of leave to amend is an available remedy, it is not appropriate here. Under the circumstances, the Court finds that justice requires the Court to grant Plaintiff leave to file the Revised Amended Complaint.

III. *Motion for Leave to File Supplemental Complaint*

In its Motion to Supplement, Plaintiff seeks leave to file a Supplemental Complaint in order to set out an event that happened after the date of its Original Complaint, namely, the filing of Defendants' First Amended Counterclaim, which Plaintiff claims constitutes a breach of the Settlement Agreement. Defendants oppose Plaintiff's request, arguing that the proposed Supplemental Complaint merely asserts the same breach of contract theory as its Revised Amended Complaint. In its reply brief, Plaintiff acknowledges that, if the Court were to grant its Second Motion to Amend, its Motion to Supplement will be "rendered largely moot." As set forth above, the Court has decided to grant Plaintiff leave to file its Revised Amended Complaint. Accordingly, there is no need for Plaintiff to pursue supplementation of its Original Complaint. The Court thus will deny Plaintiff's Motion to Supplement as moot.

## *CONCLUSION*

Because Plaintiff fails to demonstrate either that the Court misapprehended the facts, Plaintiff's position, or the controlling law, Plaintiff's request that the Court reconsider its denial of Plaintiff's First Motion to Amend should be denied. Because Plaintiff has an adequate explanation for the delay in filing its Second Motion to Amend, and because Plaintiff's inclusion of facts in the Revised Amended Complaint that, while previously known by Plaintiff, do not introduce a new theory of liability of which Defendants were not previously aware, justice requires the Court to give Plaintiff leave to file its Revised Amended Complaint. Because Plaintiff thus will be permitted to file its Revised Amended Complaint, there is no need for Plaintiff to supplement its Original Complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration and for Leave to File Revised Amended Complaint [Doc. 97] is granted in part and denied in part, as follows: the Court will not reconsider its Original Opinion; Plaintiff may file its Revised Amended Complaint.

**IT IS THEREFORE FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Complaint [Doc. 150] is denied as moot.